WRIGHT, Presiding Judge.
This case arises out of a claim by James Allen Dillard for legal malpractice. From a jury award of $7,000 rendered against her husband’s estate, Mildred Piel, as executrix, appeals to this court.
On April 25, 1977, Mr. Dillard was involved in an automobile accident with Margaret Boswell and another driver. Mrs. Boswell died as a result of injuries received in the collision. Prior to the accident, Mr. Dillard had developed Parkinson’s Disease. The physical and emotional trauma occasioned by the accident allegedly aggravated the symptoms of the disease. Mr. Dillard sought the services of Matthis W. Piel, an attorney, to recover damages from the estate of Mrs. Boswell for the injuries he sustained in the accident. The Boswell estate was opened on April 29, 1977, and closed on December 8, 1977. Mr. Piel did file suit on behalf of Mr. Dillard on April 19, 1978. The action was dismissed, however, on a motion for summary judgment because of Piel’s failure to file within the six-month period as provided by § 43-2-350, Code (1975).
In October 1979 Dillard filed a malpractice suit against Matthis W. Piel, Richard Piel, Horace N. Lynn, Michael Goodson and Piel and Lynn.[1] Matthis W. Piel died on January 12, 1980. On April 16, 1980, Piel’s attorney filed a suggestion of death with an attached Certificate of Service averring mailing to Mr. Dillard’s attorney at the following address: Roger C. Appell, Suite 15, 2155 11th Court South, Birmingham, Alabama 35205. On November 7, 1980, Piel’s attorney moved to dismiss for failure of plaintiff to timely substitute the proper party under Rule 25, A.R.C.P. On November 17, 1980, Dillard’s attorney moved to substitute Mrs. Piel as executrix of her husband’s estate. After a hearing on these motions, substitution was allowed and the case went to trial. A motion for directed verdict in favor of the estate was made at the close of Dillard’s case. The motion was denied. The jury awarded Dillard a verdict of $7,000. Mrs. Piel appeals from the trial court’s denial of her motion for a JNOV or in the alternative a new trial.
The first issue presented is whether the trial court erred in denying the motion to dismiss for Dillard’s attorney’s failure to substitute Mr. Piel’s personal representative within six months of the filing of a suggestion of death on the record.
Rule 25(a)(1), A.R.C.P. provides as follows:
If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon *90 the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party. (Emphasis added.)
Rule 5(b) provides:
Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address, .... (Emphasis added.)
When service of a paper may be made upon a party or his attorney by mailing it to his last known address, such service is deemed complete upon mailing. Brown v. Brown, 374 So.2d 332 (Ala.Civ.App.), cert. denied, 374 So.2d 334 (Ala.1979). In the instant case the suggestion of death was mailed on or about April 16,1980. The motion for substitution of parties was not filed until November 17, 1980, some seven months later. According to Rule 25(a)(1), A.R.C.P., the action pending against Piel should have been dismissed. Dillard argues, however, that the running of the six-month time period does not effectively begin on mailing if the suggestion of death is not mailed to the “last known address.” The address to which the suggestion of death was mailed was not the address of Dillard’s counsel appearing on the original complaint nor any subsequent pleading of either party. The record does not disclose legal evidence of whence it came. It was not the address of counsel at the time of mailing. See, Bergfeld v. Campbell, 290 F.2d 475 (5th Cir. 1961). Dillard’s attorney testified at the hearing on the motions to dismiss and to substitute a party that he did not receive the suggestion of death until possibly as late as two or three months after it was mailed. In event of receipt in either June or July, the substitution filed on November 17, 1980, was within six months of notice. We consider that service by mailing is not deemed complete unless mailed to the last known address of the party or counsel, as the case may be, or until received.
Rule 6(b) provides:
When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . . .
Whether the trial court found that the suggestion of death was not mailed to the “last known address" of Mr. Dillard’s attorney or that Rule 6(b) would allow an extension of the prescribed time period, we find no error in its allowance of the substitution of Mrs. Piel as representative of her husband’s estate.
The second issue raised by Mrs. Piel is whether there was sufficient evidence to submit to the jury the question whether Dillard employed Piel within the six-month claim period against the estate of Margaret Boswell. Mrs. Piel asserts that a directed verdict should have been granted at the close of Dillard’s case because evidence of the existence of a duty was insufficient.
The elements of an action against an attorney in his professional capacity for negligence are essentially no different from those of any other negligence suit. Malloy v. Sullivan, 387 So.2d 169 (Ala.1980). To recover, one must prove a duty, a breach of that duty, that the breach was the proximate cause of the injury, and damages. Herston v. Whitesell, 348 So.2d 1054 (Ala.1977).
The scintilla rule applies in this state. Reed v. Walters, 396 So.2d 83 (Ala.1981). When a directed verdict is requested, the entire evidence must be viewed in the light most favorable to the non-moving party, and it should be refused where reasonable inferences may be drawn unfavorable to the moving party or where there is a conflict in any material matter at issue. Baker v. Chastain, 389 So.2d 932 (Ala.1980).
*91 It is evident that Piel did act on behalf of Dillard for he eventually filed suit against Mrs. Boswell’s estate. The disposi-tive issue is whether the employment relationship began within the six-month claim period. Dillard testified that shortly after the accident he went to Piel’s office and went approximately fifty times thereafter. He introduced into evidence a letter dated September 6, 1977, which was written to Piel by Dillard’s physician apprising Piel of Dillard’s medical condition after the accident. The jury could have drawn the reasonable inference that attorney-client relationship between Dillard and Piel existed prior to the expiration of the six-month claim period. We find no error in the submission of this issue to the jury.
The third issue presented is whether there was sufficient evidence to submit to the jury the question whether a breach of duty by Piel was the proximate cause of Dillard’s injury. Dillard presented expert testimony to the effect that a reasonably prudent attorney should be aware of the applicable statute of limitations for filing a claim against an estate. There was evidence to support a finding by the jury that the dismissal of Dillard’s claim against Mrs. Boswell’s estate was the result of Piel’s failure to timely file the complaint. Submission of the issue to the jury was not error.
The fourth and fifth issues presented by Mrs. Piel concern the question whether Dillard’s medical expenses were the proximate result of Mrs. Boswell’s negligence. Mrs. Piel asserts that the trial court erred in admitting evidence of Dillard’s medical expenses in the absence of expert evidence that such bills were for treatment incurred as a proximate result of Mrs. Boswell’s negligence. The trial court refused to charge the jury that it could not award damages for medical expenses or for medical disability. In the record before us there was expert testimony as to the reasonableness of Dillard’s medical expenses. Furthermore, his wife and business associates testified to a marked deterioration in his condition following the accident. In Alabama a lay witness familiar with the physical condition of an injured person before and after an injury is competent to testify to changes in that condition after an injury. Perrine v. Southern Bitulithic Company, 190 Ala. 96, 66 So. 705 (1914). Dillard’s own testimony supported a finding of disability. A lay witness may testify as to his own inability to work. Prescott v. Martin, 381 So.2d 240 (Ala.1976). Expert medical testimony concerning proximate causation was sufficient to raise a reasonable inference that the trauma of the accident was the cause of Dillard’s progressive deteriorated condition. In view of the scintilla rule, the admission of evidence on the issue of medical expenses was not error.
The last issue is whether the trial court erred in charging the jury that Mrs. Piel had the burden of proving contributory negligence on the part of Dillard in order to preclude recovery. Mrs. Piel relies on Herston v. Whitesell, supra, and Malloy v. Sullivan, supra, for the proposition that Dillard cannot recover against Piel’s estate unless he proves he would have recovered against Mrs. Boswell’s estate. It does not follow, however, that such proof includes a negation’ of all possible affirmative defenses which Mrs. Boswell’s estate might have raised in the original suit. The burden of proving contributory negligence rests with the defendant. Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1973). We find no error in the trial court’s charge on the issue of contributory negligence.
Finding no error this cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ„ concur.

. On December 5, 1980, summary judgment was granted in favor of all of the defendants except Matthis W. Piel.