MOORE, Judge.
R.J.N. appeals from a judgment of the Walker Circuit Court dismissing all of her claims regarding child support and paternity.
On May 29, 2003, R.J.N. filed in the Walker Juvenile Court a petition requesting that B.D.S. be ordered to pay child support for the benefit of their minor child, K.S. On April 18, 2007, the juvenile court entered a judgment setting B.D.S.’s child-support obligation and establishing his child-support arrearage. On May 2, 2007, B.D.S. filed a notice of appeal to the Walker Circuit Court. On appeal, the circuit court determined that paternity had not been established in the juvenile court,[1] and it entered an order declaring the juvenile court’s judgment void and granting the parties leave to seek the establishment of paternity in the circuit court.[2] R.J.N. appealed to this court; this court dismissed the appeal as being from a nonfinal judgment on December 8, 2009. R.J.N. v. B.D.S. (No. 2090097, Dec. 8, 2009), — So.3d-(Ala.Civ.App.2009) (table).
Subsequently, on February 10, 2010, the circuit court entered a judgment dismissing the case. On March 3, 2010, R.J.N. filed her notice of appeal to this court. On March 10, 2010, R.J.N. filed, in the circuit court, a motion for an extension of time to file her appeal, pursuant to Rule 77(d), Ala. R. Civ. P. On March 31, 2010, the circuit court entered an order granting RJ.N.’s motion for an extension of time to file her appeal.
Initially, we note that B.D.S. has filed motions with this court requesting that the appeal be dismissed as being untimely filed; we dismiss the appeal, albeit for reasons different than those asserted by B.D.S.
Because this case was proceeding in the circuit court as an appeal from a child- *1276 support action in the juvenile court, the notice of appeal from the circuit court to this court was required to be filed within 14 days of the entry of the circuit court’s February 10, 2010, judgment, i.e., on or before February 24, 2010. H.E.H. v. K.L.C., 976 So.2d 458, 459 (Ala.Civ.App. 2007). Pursuant to Rule 77(d), a trial court may, under certain circumstances, grant a 30-day extension from the expiration of the original appeal deadline to file a notice of appeal. Altmayer v. Stremmel, 891 So.2d 305, 308 (Ala.2004). In the present case, that 30-day period expired on March 26, 2010. “After that date, the [circuit] court had ‘no jurisdiction to afford [R.J.N.] any relief under Rule 77(d).’ ” Altmayer, 891 So.2d at 308 (Quoting Hopper v. Sims, 111 So.2d 122, 125 (Ala.Civ. App.2000)).
The circuit court purported to grant R-J.N.’s motion for an extension of time on March 31, 2010, after the 30-day period had expired. Because the 30-day period under Rule 77(d) had expired, the circuit court had no jurisdiction to afford R.J.N. any relief under Rule 77(d); “therefore, the [circuit] court’s order was a nullity.” Altmayer, 891 So.2d at 308. “Because [RJ.N.’s] Rule 77(d) motion was not timely granted, the last day on which [she] could file [her] notice of appeal was not affected, and [her] appeal was not timely filed.” Id. Thus, we must dismiss her appeal. Alt-mayer, 891 So.2d at 309-10.
Both the motion to dismiss and the amended motion to dismiss filed by B.D.S. are denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. We note, however, that an order of child support impliedly includes a determination of paternity. See D.C.L. v. Marion County Dep't of Human Res., 9 So.3d 506, 510 (Ala.Civ. App.2008).

. We note that, when a juvenile-court judgment on appeal to a circuit court is declared void by the circuit court, the circuit court would have no jurisdiction to perform any act other than dismissing the appeal. See, e.g., Colburn v. Colburn, 14 So.3d 176, 179 (Ala. Civ.App.2009) ("A void judgment will not support an appeal, and 'an appellate court must dismiss an attempted appeal from such a void judgment.’ ” (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008))).