WOODALL, Justice.[1]
Ronald Browning and Susan Browning, Bubba Beck and Debbie Beck, Allen Ca-prara and Pam Caprara, Bobby Fayet and Cindy Fayet, David Kennamer and Brad Kennamer, Steve Russell and Melinda Russell, and Gary Strickland and Jennifer Strickland (hereinafter referred to collectively as “the plaintiffs”) sued Jeff Cornelius, among others, alleging various claims related to investments the plaintiffs had made in corporations in which Cornelius was allegedly a principal. The trial court entered a default judgment against Cornelius based upon his purported failure to appear for his deposition, awarding the plaintiffs a total of $975,000 in damages. Cornelius moved the trial court pursuant to Rule 60(b), Ala. R. Civ. P., to set aside the default judgment, arguing that he had not received notice that the motion for a default judgment had been filed. After a hearing, the trial court denied Cornelius’s motion to set aside the default judgment, and Cornelius appealed. We conclude that the trial court’s judgment is inconsistent with due process and is, therefore, void. Cornelius is entitled to have the default judgment set aside pursuant to Rule 60(b)(4), Ala. R. Civ. P. Therefore, we reverse and remand.

Facts and Procedural History

On April 24, 2009, the plaintiffs sued Molecular Diagnostics of America, Inc. (“MDA, Inc.”), Molecular Diagnostics of Alabama, LLC (“MDA”), Medical Devices International (“MDI”), and Cornelius, as well as fictitiously named defendants, claiming breach of contract, negligence, wantonness, fraudulent suppression, unjust enrichment, and breach of fiduciary duties related to investments the plaintiffs had made in MDA, Inc., MDA, and MDI. According to the plaintiffs’ complaint, Cornelius “was an employee, representative, agent, owner and/or principal of MDA, Inc., MDA and MDI” when the plaintiffs made their investments.
The plaintiffs sought to recover as damages “a return of their investment principal,” “a reasonable and justified return on said investment,” damages for “mental anguish,” and “all damages available to the Plaintiffs under Alabama law,” including *956 punitive damages. According to the complaint, the plaintiffs’ investments were as follows:
“a. Ronald & Susan Browning — $25,-000 — September 24, 2002;
“b. Bubba & Debbie Beck — $75,000 (total) — July 11, 2001, August 6, 2001 and February 15, 2002;
“c. Allen & Pam Caprara — $25,000— on or about March 2001;
“d. Bobby & Cindy Fayet — $25,-000 — December 4, 2001;
“e. David & Brad Kennamer— $100,000 (total) — February 15, 2002 and March 6, 2002;
“f. Steve & Melinda Russell — $25,-000 — on or about February 2002; and
“g. Gary & Jennifer Strickland— $50,000 (total) — August 6, 2001 and February 15, 2002.”
The plaintiffs also requested “a full and complete accounting of the investments made the basis of this suit.”
The plaintiffs first attempted to serve the complaint on Cornelius by certified mail to his home address: on Maple Drive in Blountsville (“the Maple Drive address”). Cornelius testified by affidavit that he has resided at that address since 1994. The plaintiffs state that the complaint was returned with a note indicating that it was “undeliverable as addressed.” The plaintiffs also state that several subsequent attempts were made to serve Cornelius personally at the Maple Drive address but that it was not until July 2009, after they had hired a private process server, that Cornelius was finally served with the complaint. Cornelius testified in his affidavit that the complaint was served on him at the Maple Drive address. The plaintiffs have provided no evidence to the contrary.
On August 18, 2009, Cornelius, acting pro se, filed an answer to the complaint. In his answer, Cornelius listed his address as P.O. Box 190, Blountsville, AL 35031 (“the P.O. Box 190 address”), and included a telephone number in the address block. The answer was mailed to the plaintiffs’ counsel in an envelope on which the following return address was written: “G. Edward Coey, P.O. Box 834, Haneeville, AL.” Cornelius had consulted Coey, an attorney in Haneeville, regarding the case; however, Cornelius did not hire Coey to represent him, and Coey never filed a notice of appearance as counsel for Cornelius.
On August 27, 2009, the plaintiffs electronically filed a notice of their intention take Cornelius’s deposition on September 15, 2009. However, Cornelius was not registered as a participant in the electronic-filing system. The plaintiffs also mailed a deposition notice to Cornelius at the P.O. Box 190 address, but the notice was returned on August 30, marked as “not deliverable as addressed, unable to forward.”
On September 8, 2009, the plaintiffs moved the trial court for a default judgment, stating:
“1. The Complaint giving rise to this case was filed on April 24, 2009. The Plaintiffs effected personal service on the Defendant Jeff Cornelius on July 19, 2009.
“2. On or about August 17, 2009, the Defendant Jeff Cornelius filed an Answer pro se. In his answer, Mr. Cornelius listed his address as ‘P.O. Box 190, Blountsville, AL 35031.’ However, the Answer was received by the undersigned counsel on behalf of the Plaintiffs in [an] envelope ... [on which] [t]he return on the address is for a G. Edward Coey, believed to be an attorney in Haneeville, Alabama.
“3. On August 27, 2009, the Plaintiffs issued a deposition notice to the Defendant Jeff Cornelius. The notice of deposition was mailed to Jeff Cornelius at the address provided by Mr. Cornelius *957 in his answer, to wit: P.O. Box 190, Blountsville, AL 35031.
“4. On or about August 30, 2009, the envelope that was utilized to serve the notice of deposition was returned to the undersigned counsel as ‘not deliverable as addressed, unable to forward.’
“5. The above described facts demonstrate that a default judgment should be entered on behalf of the Plaintiffs against the Defendant Jeff Cornelius. First, Mr. Cornelius has provided a false address to the Plaintiffs, via the undersigned counsel. Accordingly, the undersigned counsel has no way to conduct legal proceedings with this Defendant. Second, said Defendant has failed to provide the undersigned counsel with an appropriate address so that discovery can proceed in this case. The fact that the Defendant Cornelius provided the Court and the undersigned counsel with a fraudulent address demonstrates that the Defendant is completely unwilling to abide by the Alabama Rules of Civil Procedure and, additionally, to participate in this case as a Defendant pro se or otherwise.
“6. The Plaintiffs respectfully submit that the Court enter a default judgment against the Defendant Jeff Cornelius with leave to prove damages in the future.”
(Citations omitted.)
The certificate of service on the default-judgment motion indicates that it, too, was electronically filed. However, the plaintiffs state that they also mailed a copy of the motion to the P.O. Box 190 address, along with a letter advising Cornelius of the existence of the default-judgment motion and stating that the plaintiffs intended to ask the trial court for a hearing on the motion. A copy of the motion was also sent to Coey. Coey acknowledged receipt of the motion in a letter to the plaintiffs’ counsel but stated that he was not, and had never been, counsel for Cornelius regarding this matter. Coey later told Cornelius’s attorney that he had tried to forward the motion to Cornelius at the P.O. Box 190 address but that it had been returned to him as “not deliverable as addressed.”
On October 26, 2009, there was an entry of default against Cornelius. On October 28, 2009, the trial court entered a judgment by default against MDA, Inc., MDA, MDI, and Cornelius, awarding the plaintiffs damages totaling $975,000. It does not appear that the trial court held a hearing on the default-judgment motion before entering the judgment.
On March 11, 2010, the plaintiffs initiated a garnishment proceeding in an attempt to collect the judgment against Cornelius. According to Cornelius’s affidavit testimony, he was served at the Maple Drive address with notice of the garnishment and a subpoena for a postjudgment deposition. On March 23, 2010, Cornelius moved the trial court to set aside its October 28 judgment and the subsequent garnishment proceeding, pursuant to Rule 60(b)(6), Ala. R. Civ. P. Cornelius argued in his motion that he did not receive a copy of the plaintiffs’ default-judgment motion and that allowing the default judgment to stand would be “a miscarriage of justice” and would violate principles of due process.
The plaintiffs filed an objection to Cornelius’s motion, and the trial court scheduled a hearing on the motion. At the hearing, the trial court heard oral argument and gave the parties time to file additional pleadings and evidentiary material. On May 19, 2010, the trial court entered an order denying Cornelius’s motion. The order provided:
“This suit was filed on April 24, 2009. Defendant Jeff Cornelius was served *958 and filed an answer on August 18, 2009, listing his home address as P.O. Box 190, Blountsville, AL 35031.
“A default judgment was entered against Mr. Cornelius on October 28, 2009, as a result of his failure to appear for a deposition. The Motion to Set Aside Judgment was filed on March 23, 2010. Defendant contends the judgment should be set aside under Rule 60(b)(6), Alabama Rules of Civil Procedure because plaintiffs’ attorney failed to properly notify defendant.
“The Court finds that there is no basis to set aside the judgment under Rule 60(b)(6). Therefore, the Motion to Set Aside Judgment and Garnishment is denied.”
Cornelius has appealed the trial court’s judgment.

Issues

Cornelius argues that this case presents four issues for this Court to consider: (1) whether “the default judgment in this case [is] void because the trial court acted in a manner inconsistent with due process because [Cornelius] was not given notice of the filing of the motion against him for a default judgment,” Cornelius’s brief, at 4; (2) whether a default judgment is void “if it awards damages in excess of those claimed in the complaint,” id.; (3) whether the default judgment is void “because the damages were not assessed by a jury,” id.; and (4) whether the facts “show a basis for setting aside a default judgment under Rule 60(b)(6) of the Alabama Rules of Civil Procedure because there are aggravating circumstances and reasons justifying relief from the operation of the judgment.” Id.

Standard of Review

Generally, “ ‘[a] trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. In reviewing an appeal from a trial court’s order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion.’ ” Carroll v. Williams, 6 So.3d 463, 466-67 (Ala.2008) (quoting Zeller v. Bailey, 950 So.2d 1149, 1152 (Ala.2006) (citations omitted)). However,
“ ‘ “[w]hen the grant or denial of relief [from a default judgment] turns on the validity of the judgment, as under Rule 60(b)(4)[, Ala. R. Civ. P.], discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.” ’ ”
Pirtek USA, LLC v. Whitehead, 51 So.3d 291, 295 (Ala.2010) (quoting Orix Fin. Servs., Inc. v. Murphy, 9 So.3d 1241, 1244 (Ala.2008), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991) (emphasis added)).

Analysis

Cornelius first argues that he is entitled to have the default judgment set aside as void, pursuant to Rule 60(b)(4), Ala. R. Civ. P., on the basis that “the trial court acted in a manner inconsistent with due process because [Cornelius] was not given notice of the filing of the motion against him for a default judgment.”[2] *959 Cornelius’s brief, at 28. This Court has stated:
“Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the apposing party, with reasonable opportunity to controvert them. It is generally understood that an opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the essential elements of due process.”
Ex parte Weeks, 611 So.2d 259, 261 (Ala. 1992) (emphasis added; citations omitted).
The Supreme Court of the United States has stated:
“An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. ‘The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.’
“But when notice is a person’s due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.”
Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (quoting American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 55 L.Ed. 82 (1911) (emphasis added; citations omitted)). See also Thomas v. Alabama Mun. Elec. Autk, 432 So.2d 470, 477 (Ala.1983) (“The method of notice chosen must give reasonable assur- *960 anee of actually giving notice in light of other available means.”).
Cornelius argues that the default judgment entered against him violated principles of due process because he did not receive notice of the default-judgment motion. The plaintiffs argue that “Cornelius was not due any notice of the motion for default judgment pursuant to Rule 55(b)(2)[, Ala. R. Civ. P.,] because he did not file a proper appearance in this case.” The plaintiffs’ brief, at 28. Rule 55(b)(2) provides, in pertinent part:
“If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party’s representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application, provided, however, that judgment by default may be entered by the court on the day the case is set for trial without such three (3) days notice.”
Specifically, the plaintiffs argue that Cornelius’s failure to provide a valid address for service of process rendered his answer insufficient to establish an “appearance” in this case and that, therefore, Cornelius was not entitled to notice before a default judgment was entered.
The plaintiffs cite no authority in support of their argument. “ ‘[I]t is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on un-delineated general propositions not supported by sufficient authority or argument.’” Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).
Moreover, Cornelius’s answer, which disputed the claims made against him in the complaint and which included his telephone number, was sufficient to constitute an appearance under our case-law. See, e.g., Progress Indus., Inc. v. Wilson, 52 So.3d 500, 506 (Ala.2010) (“ ‘ “Am appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court.(quoting Lee v. Martin, 533 So.2d 185, 186 (Ala.1988), quoting in turn Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117, 1120 (Ala.1977) (overruled on other grounds by Ex parte Keith, 771 So.2d 1018 (Ala.1998)))). Therefore, the plaintiffs’ argument in this regard is without merit.
The plaintiffs also argue that, pursuant to Rule 5(b), Ala. R. Civ. P.,[3] they properly served Cornelius with the default-judgment motion by mailing it to Cornelius’s “last known address,” which, they say, was the P.O. Box 190 address. Cornelius argues that such service did not satisfy the requirements of due process because, he says, the plaintiffs were aware at the time the motion was filed that Cornelius would not receive mail sent to the P.O. Box 190 address. We agree with Cornelius.
On or about August 27, 2009, the plaintiffs mailed a notice of Cornelius’s deposition to the P.O. Box 190 address. The notice was returned a few days later, *961 marked “undeliverable as addressed.” On September 8, 2009, the plaintiffs moved the trial court for a default judgment, arguing:
“Cornelius has provided a false address to the [plaintiffs, via the undersigned counsel. Accordingly, the undersigned counsel has no way to conduct legal proceedings with [Cornelius]. Second, [Cornelius] has failed to provide the undersigned counsel with an appropriate address so that discovery can proceed in this case. The fact that ... Cornelius provided the Court and the undersigned counsel with a fraudulent address demonstrates that [Cornelius] is completely unwilling to abide by the Alabama Rules of Civil Procedure and, additionally, to participate in this case as a Defendant pro se or otherwise.”
(Emphasis added.)
The record clearly indicates that, at the time they filed the default-judgment motion, the plaintiffs knew that Cornelius would not receive mail sent to the P.O. Box 190 address. Nevertheless, they relied on what they described in their motion as a “false” and “fraudulent” address as the only means of directly notifying Cornelius, who had filed an answer pro se, that a default-judgment motion had been filed. It is true that the plaintiffs also mailed a copy of the motion to Coey, an attorney. However, Coey had never filed a notice of appearance on Cornelius’s behalf. There is no indication that the plaintiffs made any other attempt to notify Cornelius of the pending default-judgment motion, even though they had successfully served Cornelius with their complaint at the Maple Drive address only a few months before filing the motion and had what by all appearances was Cornelius’s telephone number.
We cannot conclude that the plaintiffs’ purported attempt to notify Cornelius of the default-judgment motion— mailing the motion to an address at which they knew Cornelius would not receive it— was “reasonably calculated, under all the circumstances, to apprise [Cornelius] of the pendency of the [default-judgment motion] and afford [him] an opportunity to present [his] objections,” Mullane, 389 U.S. at 314, nor can we conclude that it “g[a]ve reasonable assurance of actually giving notice in light of other available means.” Thomas, 432 So.2d at 477. “Process which is a mere gesture is not due process,” Mullane, 339 U.S. at 315, and the trial court erred in failing to set aside the default judgment against Cornelius.
The plaintiffs argue that Piel v. Dillard, 414 So.2d 87 (Ala.Civ.App.1982), is “direct authority for the proposition that a party is entitled to rely upon addresses included within pleadings in order to determine service at the ‘last known address.’” The plaintiffs’ brief, at 33. However, their reliance on Piel is misplaced. The Court of Civil Appeals in Piel addressed the issue whether service was proper when a suggestion of death was mailed to an address that “was not the address of [the plaintiffs] counsel appearing on the original complaint nor any subsequent pleading of either party,” and “[t]he record [did] not disclose legal evidence of whence [the address] came.” Piel, 414 So.2d at 90. The Court of Civil Appeals did not consider whether an address provided in a pleading could be relied on as the “last known address” when, as here, the plaintiffs knew that it was not a valid address for the defendant and when the plaintiffs were aware of another address for the defendant at which service in the case had ultimately been successful. Thus, Piel is distinguishable from this case and does not support the plaintiffs’ argument.

*962
Conclusion

For the foregoing reasons, we conclude that the default judgment entered against Cornelius is inconsistent with due process and is, therefore, void. See Pirtek USA, 51 So.3d at 295 (“A judgment is void ... if the court rendering it ... acted in a manner inconsistent with due process.”). Cornelius is entitled to have the default judgment set aside, pursuant to Rule 60(b)(4), Ala. R. Civ. P. Therefore, we reverse the trial court’s judgment and remand the case for further proceedings consistent with this opinion.[4]
REVERSED AND REMANDED.
MALONE, C.J., and STUART, BOLIN, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.
PARKER, J., concurs in the result.

. This case was originally assigned to another Justice on this Court; it was reassigned to Justice Woodall on September 16, 2011.

. The plaintiffs argue that "Cornelius is es-topped from claiming that the default judgment is void under [Rule] 60(b)(4),” because "at no point in time before the trial court did Cornelius even mention, much less argue, that the judgment was void pursuant to [Rule] 60(b)(4). Instead, in literally every pleading he filed before the trial court, Cornelius limit *959 ed his argument to Rule 60(b)(6)[, Ala. R. Civ. P.]." The plaintiffs’ brief, at 22-23. However, it is well settled that the nature of a pleading is determined by its substance and not by its style. See Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997) ("The substance of a motion and not its style determines what kind of motion it is.”). Cornelius argued that he did not receive notice that a motion for a default judgment had been filed or have an opportunity to contest the motion. Cornelius also argued that, "[ujnder the circumstances, ... he [was] entitled to relief from the operation of the [default] [judgment in that to do otherwise would be a miscarriage of justice and constitute a taking of property without due process.” "A judgment is void ... if the court rendering it ... acted in a manner inconsistent with due process.” Pittek USA, 51 So.3d at 295. Rule 60(b)(4) provides that a judgment can be set aside if the "judgment is void.” Thus, Cornelius's Rule 60(b) motion was, in substance, a Rule 60(b)(4) motion, and we will consider it as such.

. Rule 5(b) provides, in pertinent part: "Whenever under these rules service is required ... to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or the party or by mailing it to the attorney or the party at the attorney's or party's last known address, or, if no address is known, by leaving it with the clerk of court.... Service by mail is complete upon mailing.”

. Our decision to set aside the default judgment on this ground pretermits consideration of Cornelius’s arguments with regard to the amount of the damages awarded to the plaintiffs, the absence of a jury assessment of the damages, and issues related to Rule 60(b)(6), Ala. R. Civ. P.