THOMPSON, Presiding Judge.
J.C.T. (“the putative father”) purports to appeal from judgments terminating his parental rights to his three children, F.E.D. *706 and twins C.L.D. and A.E.D. (“the twins”) (all three children are hereinafter collectively referred to as “the children”). In the judgments, the parental rights of the children’s mother, L.B. (“the mother”), were also terminated. The mother appealed, and this court affirmed the judgments of the juvenile court without issuing an opinion. See L.B. v. Mobile Cnty. Dep’t of Human Res. (Nos. 2120285, 2120286, and 2120287, Sept. 27, 2013), — So.3d — (Ala.Civ.App.2013) (table).
The record indicates the following. On October 31, 2011, the Mobile County Department of Human Resources (“DHR”) filed a separate petition as to each child, seeking the termination of the parental rights of the mother, the putative father, and any unknown father of the children.[1] In the petitions, DHR alleged that the putative father had failed to provide for the material needs of the children and that he was not able or willing, and would not in the foreseeable future be able or willing, to provide a suitable home for the children or to provide for their support, training, maintenance, or education. DHR further alleged that the whereabouts of the putative father were unknown.
The putative father and any unknown father were served with notice of the actions by publication. On November 17, 2011, the trial court appointed an attorney to represent the putative father at a hearing on the merits of the petitions seeking to terminate parental rights, which had been scheduled for April 20, 2012.[2] After a continuance, the trial on the petitions to terminate the parental rights of the mother and the putative father was held in October 2012. The putative father did not appear at the trial, although his counsel did attend. The judgments terminating the putative father’s parental rights were rendered on December 7, 2012, and entered on the State Judicial Information System (“SJIS”) on December 21, 2012. The putative father did not appeal from the termination judgments.
On April 11, 2013, the putative father filed a motion that he characterized as having been filed pursuant to Rule 60(b), Ala. R. Civ. P., asking the trial court to set aside the judgments terminating his parental rights. As grounds for his motion, the putative father stated that, in the judgments, the trial court had not acknowledged the appearance of the putative father’s attorney at the hearing and that neither he nor his attorney received copies of the judgments. The putative father’s attorney stated in the motion that he had “inquired monthly since the hearing dates about the [judgments] and was not informed until April 9, 2013, that [the judgments] had been entered.” On May 8, 2013, the trial court entered an order denying the putative father’s Rule 60(b) motion, thereby refusing to set aside the termination judgments; however, in its May 8, 2013, order, the juvenile court stated that the time from which the putative father had to appeal from the December 21, 2012, judgments terminating his parental rights began running as of the date of the May 8 order. The putative father filed his notice of appeal of the termination judgments on May 20, 2013.
“[T]he timeliness of an appeal affects this Court’s jurisdiction to consider *707 the appeal.” Moultrie v. Wall, [Ms. 1111507, Sept. 13, 2013] — So.3d —, —(Ala.2013). Although neither the putative father nor DHR has raised the issue of the timeliness of the putative father’s appeal, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Sleasman v. Sleasman, 907 So.2d 1075, 1076 (Ala.Civ.App.2005). Therefore, we must first consider whether the putative father’s appeal is timely. See Miller Props., LLC v. Green, 958 So.2d 850, 851-52 (Ala.2006) (holding that an untimely filed postjudgment motion does not toll the time for filing a notice of appeal and that this court has no jurisdiction over an untimely filed appeal).
Rule 77(d), Ala. R. Civ. P., provides, in pertinent part:
“Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
(Emphasis added.)
The termination judgments in this case were entered in the SJIS on December 21, 2012. Because this is an appeal of judgments of a juvenile court, the putative father had 14 days from that date in which to file his notice of appeal. Rule 1(B)(1), Ala. R. Juv. P. Therefore, the original deadline for filing the notice of appeal would have been Friday, January 4, 2013. Even if we were to assume for purposes of this opinion that the putative father could properly obtain additional time in which to file his notice of appeal because of the clerk’s failure to notify him of the judgments, Rule 77(d) allows a trial court to extend the time to file a notice of appeal only for an additional 30 days after the expiration of the 14-day period. See R.J.N. v. B.D.S., 58 So.3d 1274, 1276 (Ala.Civ.App.2010) (applying the 30-day extension in a juvenile matter). The 30th day after January 4, 2013 — February 3, 2013— was a Sunday; therefore, the putative father would have had until Monday, February 4, 2013, to file his notice of appeal. The trial court was not authorized to extend the time for filing the notice of appeal beyond that date. Corretti v. Pete Wilson Roofing Co., 507 So.2d 408, 409 (Ala.1986); and R.J.N., supra.
Moreover, a Rule 60(b) motion cannot be substituted for the exclusive remedy provided by Rule 77(d) and thereby be used as a method to extend the time within which to appeal. Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117, 1119 (Ala.1977); see Hayden v. Harris, 437 So.2d 1283,1287 (Ala.1983). In his brief on appeal, the putative father does not assert that the trial court erred in denying his Rule 60(b) motion. Instead, he argues only the propriety of the underlying December 21, 2012, judgments. Specifically, the putative father asserts that DHR failed to use reasonable efforts to rehabilitate him and to reunite him with the children. Any argument the putative father wished to make regarding the correctness of the underlying termination judgments should have been raised in an appeal of those judgments. See Hobbs v. Heisey, 118 So.3d 187, 192 (Ala.Civ.App.2012).
Because the putative father did not file his notice of appeal until May 20, 2013— more than three months after the February 4, 2013, latest possible deadline — his appeal is untimely. An untimely filed no *708 tice of appeal results in a lack of appellate jurisdiction, which cannot be waived. Luker v. Carrell, 25 So.3d 1148, 1151 (Ala.Civ.App.2006). Accordingly, the putative father’s appeal is dismissed.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. When the twins were born, the mother was married to H.C.C. However, paternity tests indicated that H.C.C. was not the twins’ father. It appears that H.C.C. is also not F.E.D.’s father.

. From the record, it appears that the putative father had not been made aware of any of the prior custody proceedings involving the children, including an August 2009 hearing in which the children were first found to be dependent.