DONALDSON, Judge,
concurring specially.
I agree that the current interpretation of the phrase “inconsistent with due process” in our caselaw involving the propriety of granting relief pursuant to Rule 60(b)(4), Ala. R. Civ. P., required the trial court in this case to set aside the judgment of dismissal, pursuant to Rule 60(b)(4). See Ex parte Third Generation, Inc., 855 So.2d 489, 492 (Ala.2003) (noting that the phrase refers to deprivations of procedural due process). I write specially to express my view that Rule 60(b)(4) should apply only to judgments the trial court could not have made, rather than to judgments it should not have made, particularly because there is no requirement in this state that a Rule 60(b)(4) motion be filed within a “reasonable time.” Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 643 (2003) (“[A] motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b).”). Further, the trial court has no discretion whether to set aside a void judgment and cannot weigh the need for finality of the judgment against the interests of justice when considering whether to grant a Rule 60(b)(4) motion; the judgment either is void or is not void. Satterfield v. Winston Indus., Inc., 553 So.2d 61, 64 (Ala.1989) (“When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside.”). Because the employees’ Rule 60(b)(4) motion was not subject to a time limit, evidence of the delay between notice of the judgment of dismissal to at least two if not all three counsel of record for the employees and the filing of the motion to set aside the judgment was not relevant to the determination of whether the judgment was void. I do not think the lack of advance notice in this case of the trial court’s intent to enter the judgment of dismissal deprived the trial court of personal jurisdiction over the employees, when notice of the dismissal was sent to three attorneys of record. Because I think the trial court had both personal and subject-matter jurisdiction over the employees, I believe the judgment of dismissal should be considered voidable and, thus, would have been set aside if a motion had been filed pursuant to Rule 59, Ala. R. Civ. P., within 30 days of its entry or, upon the expiration of 30 days and within a reasonable time, could have been set aside in the discretion of the trial court if a motion had been filed pursuant to Rule 60(b)(6), Ala. R. Civ. P. But the term “inconsistent with due process” has not been *1250 interpreted in the manner I have described when applied to Rule 60(b)(4) motions alleging a lack of notice before entry of a judgment. See, e.g., Cornelius v. Browning, 85 So.3d 954 (Ala.2011) (holding that a default judgment entered without notice to a served party was void). Therefore, based on current controlling authority, I concur in the denial of the petition for the writ of mandamus.