THOMPSON, Presiding Judge.
On February 28, 2018, the Jefferson County Department of Human Resources (“DHR”) filed petitions seeking to terminate the parental rights of K.Y.W. (“the mother”) to her five children. DHR also sought to terminate the parental rights of any known father or fathers of the children. On May 5, 2014, the Jefferson Juvenile Court entered judgments terminating the mother’s parental rights to each of the five children.[1]
On June 17, 2014, the mother filed motions pursuant to Rule 77(d), Ala. R. Civ. P., asserting that she had not received notice of the entry of the May 5, 2014, termination judgments from the juvenile court clerk. Rule 77(d), Ala. R. Civ. P., provides, in part:
“(d) Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail or by electronic transmittal in the manner provided for in Rule 5[, Ala. R. Civ. P.,] upon each party who is not in default for failure to appear, and who was not present in person or by that party’s attorney or not otherwise notified, when such order or judgment' was rendered, and make a note on the docket of the mailing or electronic transmittal. Such mailing or electronic transmittal is sufficient notice for all purposes for which notice of the entry of an order is required by these Rules, but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of. notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that *370 upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
The mother’s attorney submitted affidavits in support of the June 17, 2014, motions, in which the mother’s attorney stated that, although the record indicates that the juvenile court clerk mailed the judgments to the correct address, she never received those judgments.
On June 18, 2014, the mother purported to appeal to this court, well outside the 14 days following the entry of the May 5, 2014, judgments prescribed for taking a timely appeal of those judgments. See Rule 4(a)(1)(E), Ala. R.App. P.; Rule 1(B), Ala. R. Juv. P. (a juvenile court judgment must be appealed within 14 days of the entry of the judgment).
After that notice of appeal was filed, the juvenile court purported to deny the mother’s Rule 77(d) motions on June 19, 2014. Thereafter, the mother filed in each of the five actions a “motion to reconsider” the denial of her Rule 77(d) motions, and the juvenile court scheduled a hearing on those motions. During that hearing on the motions to reconsider, DHR filed an objection to the juvenile court’s extending, under Rule 77(d), the time in which the mother could appeal the termination judgments.
On June 30, 2014, the juvenile court purported to enter orders granting the mother’s “motions to reconsider.” In those June 30, 2014, orders, the juvenile court purported to allow the mother until July 1, 2014, to appeal the termination judgments. The mother filed an “amended” notice of appeal on July 1, 2014.
Initially, we note that we must take notice of jurisdictional issues ex mero motu. Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). The timely filing of a notice of appeal is a jurisdictional act. Potter v. State Dep’t of Human Res., 511 So.2d 190, 192 (Ala.Civ.App.1986); see also F.G. v. State Dep’t of Human Res., 988 So.2d 555 (Ala.Civ.App.2007) (the failure to timely comply with Rule 77(d) is a jurisdictional defect).
In the absence of timely filed post-judgment motions, an appeal from the May 5, 2014, termination judgments was required to be filed by May 19, 2014, which is 14 days following the entry of those judgments. Rule 4(a)(1)(E), Ala. R.App. P.; Rule 1(B), Ala. R. Juv. P. Rule 77(d), supra, may afford a litigant who, because of excusable neglect, did not learn of the entry of a judgment an additional 30 days in which to appeal. In this case, the 30-day period that might be afforded under Rule 77(d) expired on June 18, 2014, 30 days following the May 19, 2014, due date for a timely appeal of the termination judgments. See Altmayer v. Stremmel, 891 So.2d 305, 308 (Ala.2004) (“Rule 77(d) authorizes a circuit court, upon a showing of ‘excusable neglect based on a failure of the party to learn of the entry of the judgment or order,’ to extend the time for appeal ‘no more than 30 days from the original deadline for filing a notice of appeal.’ ” (quoting Hopper v. Sims, 777 So.2d 122, 125 (Ala.Civ.App.2000))).
The juvenile court purported to grant the mother’s “motion to reconsider” the denial of her Rule 77(d) motions and to grant her additional time to appeal on June 30, 2014. However, after June 18, 2014, the juvenile court lost jurisdiction to enter such an order granting the mother relief under Rule 77(d). “After that date, the trial court had ‘no jurisdiction to afford the [plaintiffs] any relief under Rule 77(d).’ ” Altmayer v. Stremmel, 891 So.2d at 308 (quoting Hopper v. Sims, 777 So.2d *371 at 125 (citing in turn Corretti v. Pete Wilson Roofing Co., 507 So.2d 408, 409 (Ala.1986), and Ireland v. Piggly Wiggly Alabama Distrib. Co., 719 So.2d 844, 845 (Ala.Civ.App.1998))). See also R.J.N. v. B.D.S., 58 So.3d 1274, 1276 (Ala.Civ.App.2010) (“Because the 30-day period under Rule 77(d) had expired, the circuit court had no jurisdiction to afford R.J.N. any relief under Rule 77(d).”). Thus, the juvenile court’s order purporting to afford the mother additional time in which to file a timely appeal was void for want of jurisdiction. “ ‘Because [the mother’s] Rule 77(d) motion was not timely granted, the last day on which [she] could file [her] notice of appeal was not affected, and [her] appeal was not timely filed.’ ” R.J.N. v. B.D.S., 58 So.3d at 1276 (quoting Altmayer v. Stremmel, 891 So.2d at 308). An untimely appeal, such as the mother’s appeal, does not invoke the jurisdiction of this court, and, therefore, the mother’s appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P.; Altmayer v. Stremmel, supra; R.J.N. v. B.D.S., supra.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ„ concur.

. Those judgments also terminated the parental rights to any father of the children.