PER CURIAM.
On December 21, 2017, Trukessa Scott ("the wife") filed an action in the Madison Circuit Court seeking a protection-from-abuse order pursuant to § 30-5-1 et seq., Ala. Code 1975. That action was assigned case no. DR-17-3415 and is hereinafter referred to as "the protection-from-abuse action." It appears from the materials submitted to this court that the wife alleged that Cameron Murray ("the husband") had committed an act or acts of domestic violence against her. A pendente lite protection-from-abuse order was entered on December 21, 2017, but that order is not included in the materials before this court.
On February 12, 2018, the circuit court entered an order scheduling a final hearing on the protection-from-abuse petition. However, before that hearing could take place, the circuit court, on February 15, 2018, entered an order that consolidated the protection-from-abuse action with a divorce action pending between the parties and transferred the protection-from-abuse action to the docket of the judge in whose court the divorce action was pending; the divorce action was assigned case no. DR-18-900019. Among other things, the circuit court ordered that the protection-from-abuse action would be set for a final hearing by the trial judge before whom the divorce action was pending and who would now consider the protection-from-abuse action. For the remainder of this opinion, we refer to the court in which the consolidated actions were pending as "the trial court," and we refer to the court in which the protection-from-abuse petition was originally filed as "the first trial court."
On February 28, 2018, the trial court scheduled the protection-from-abuse action for a hearing on March 15, 2018. After the hearing, the trial court entered an order on March 15, 2018, in the protection-from-abuse action in which it made final the December 21, 2017, pendente lite order. In its March 15, 2018, order, the trial court noted that the husband had not appeared at the final hearing, and it made a finding, based on the evidence presented at the hearing, that the husband had committed *331 an act of domestic violence against the wife.
We note that, because the protection-from-abuse action and the divorce action were consolidated in the trial court, the March 15, 2018, order entered in the protection-from-abuse action was not a final judgment. Hanner v. Metro Bank & Prot. Life Ins. Co., 952 So.2d 1056, 1060 (Ala. 2006). See also Austin v. Austin, 102 So.3d 403, 406 (Ala. Civ. App. 2012). The husband filed a purported postjudgment motion on April 3, 2018, in which he argued that he had received no notice of the final hearing. However, a valid postjudgment motion may be taken only in reference to a final judgment, Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala. Civ. App. 1999), and, as previously noted, the March 15, 2018, order was not a final judgment. On April 4, 2018, the trial court entered an order denying the husband's purported postjudgment motion. The husband filed a petition for a writ of mandamus to this court on April 30, 2018.
The husband has briefly asserted in his brief filed in support of his petition for a writ of mandamus that the petition was timely filed. The issue of timeliness is jurisdictional, and this court may take notice of the issue ex mero motu. Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) ; J.C.T. v. Mobile Cty. Dep't of Human Res., 142 So.3d 705, 707 (Ala. Civ. App. 2013).
A petition for a writ of mandamus must be filed within a reasonable time, which has been held to be the same time for taking a timely appeal. Meadwestvaco Corp. v. Mitchell, 195 So.3d 290, 294 (Ala. Civ. App. 2015) ; Ex parte C & D Logging, 3 So.3d 930, 933 (Ala. Civ. App. 2008). The husband's purported postjudgment motion did not operate to extend the time for timely filing the petition for a writ of mandamus. Meadwestvaco Corp. v. Mitchell, supra ; Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala. 2003) (a motion to reconsider an interlocutory order does not toll the time for filing a petition for a writ of mandamus). The presumptively reasonable time for filing a petition for a writ of mandamus from the March 15, 2018, order in the protection-from-abuse action was 42 days, or until April 26, 2018. Ex parte Hoyt, 984 So.2d 424, 425 (Ala. Civ. App. 2007) (" 'The presumptively reasonable time within which to file a petition for a writ of mandamus is the time in which an appeal may be taken.' Norman v. Norman, 984 So.2d 427, 429 (Ala. Civ. App. 2007)."); see also Placey v. Placey, 51 So.3d 374, 376 n. 3 (Ala. Civ. App. 2010) (because the protection-from-abuse action was filed in the circuit court, the 42-day period for taking a timely appeal applied). The husband filed his petition for a writ of mandamus in this court on April 30, 2018, and, therefore, the petition for a writ of mandamus was not timely filed.
A petitioner may obtain review by way of an untimely petition for a writ of mandamus if the petition includes a statement of good cause explaining the reason for the untimely filing. Ex parte Fiber Transp., L.L.C., 902 So.2d 98, 100 (Ala. Civ. App. 2004). This court has explained:
"When a petition for a writ of mandamus has not been filed within a presumptively reasonable time, the petition 'shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.' Rule 21(a)(3), Ala. R. App. P. 'The filing of such a statement in support of an untimely petition for a writ of mandamus is mandatory.' Ex parte Fiber Transp. L.L.C., 902 So.2d 98, 100 (Ala. Civ. App. 2004) (citing *332 Ex parte Pelham Tank Lines, Inc., 898 So.2d 733, 736 (Ala. 2004), and Ex parte Troutman Sanders, [LLP,] 866 So.2d [547] at 550 [ (Ala. 2003) ] )."
Ex parte Onyx Waste Servs. of Florida, 979 So.2d 833, 835 (Ala. Civ. App. 2007).
The husband did not include in his petition for a writ of mandamus a statement of good cause for this court to consider the untimely petition. However, our supreme court has held that when an untimely petition for a writ of mandamus raises an issue pertaining to the jurisdiction of the lower court, it may consider the jurisdictional argument. Ex parte K.R., 210 So.3d 1106 (Ala. 2016). That case involved, among other things, a challenge to a probate court's jurisdiction in an action involving an adoption contest; our supreme court explained:
"Regardless, we may consider K.R.'s argument because it concerns the probate court's jurisdiction. See Bush v. State, 171 So.3d 679 (Ala. Crim. App. 2014) (holding that the improper appointment of a judge to a case deprived the court of jurisdiction to rule on any motions pending before that judge; the orders entered by that judge were entered without jurisdiction of the court and were, thus, void). The timeliness of K.R.'s challenge to Druhan's appointment to serve as a temporary judge of probate is insignificant because 'we take notice of the lack of jurisdiction ex mero motu. See Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69 (Ala. Civ. App. 2003) (discussing the general rule that this court notices lack of jurisdiction ex mero motu and citing to several cases noting that rule).' Lawrence v. Alabama State Pers. Bd., 910 So.2d 126, 128 (Ala. Civ. App. 2004). Therefore, even though K.R.'s petition is untimely filed, we will consider her argument concerning this issue because it concerns the jurisdiction of the probate court, of which we may take notice ex mero motu."
Ex parte K.R., 210 So.3d at 1112. See also Ex parte J.B., 223 So.3d 251, 254 (Ala. Civ. App. 2016) ("[O]ur supreme court recently determined that, in situations in which a petition for the writ of mandamus challenges the subject-matter jurisdiction of the court in which the challenged interlocutory order was rendered, the petition need not timely invoke the jurisdiction of the appellate court. Ex parte K.R., 210 So.3d 1106, 1112 (Ala. 2016).").
The husband in this case argues that he did not receive notice of the March 15, 2018, hearing in the protection-from-abuse action and, therefore, that the March 15, 2018, order was void for want of due process. This court has recently held that Ex parte J.B. applies in cases in which a party argues that an order is void for want of due process. Ex parte M.F.B., 228 So.3d 460, 462 (Ala. Civ. App. 2017) ("Application of Ex parte J.B. to the circumstances of this case, in which the mother's contentions regarding lack of notice and a hearing in connection with a court's ex parte limitation of her visitation rights implicate due-process guarantees ... and do in fact go to the power of the juvenile court to enter the October 21, 2016, orders, warrants consideration of the merits, notwithstanding the mother's noncompliance with Rule 21(a)(3), Ala. R. App. P."). Accordingly, we reach the due-process issue raised by the husband.
In the February 12, 2018, order entered by the first trial court, before the actions were consolidated and the protection-from-abuse action was transferred to the court in which the divorce action was pending, the first trial court noted:
"This matter was called for final hearing on January 2, 2018. The [wife] was represented by Attorney Jonathan Watson. The [husband] was represented by Attorney *333 Randy Ferguson. Counsel for both parties agreed to talk and to update the Court accordingly. No update has been made since the January 2, 2018, hearing date."
The first trial court then scheduled the matter for a hearing.
The case-action summary contains an entry dated February 13, 2018, that states: "Listed as attorney for D01 [ (the husband) ]: Ferguson Randy Will."
On February 15, 2018, the first trial court entered another order that provided, in pertinent part:
"This cause came on for final hearing on January 2, 2018, upon the Petition for Protection from Abuse filed herein by the [wife]. The [wife] appeared personally, representing herself. The [wife] stated in open Court that a divorce was forthcoming and that Attorney Jonathan Watson would be representing her. The [husband] appeared personally, representing himself. The [husband] stated in open Court that Attorney Randy Ferguson would be representing him, but he was out of town at the time of said hearing."
In that order, the first trial court ordered that the two actions be consolidated and that a hearing was to be scheduled by the trial court.
In Cornelius v. Browning, 85 So.3d 954 (Ala. 2011), the trial court denied Cornelius's motion filed pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from a default judgment on the basis that he had not received a copy of the motion for a default judgment. In that case, the plaintiffs had served Cornelius at his home address. Cornelius, acting pro se, answered, and he provided as his address an incorrect post-office-box address. In addition, Cornelius's
"answer was mailed to the plaintiffs' counsel in an envelope on which the following return address was written: 'G. Edward Coey, P.O. Box 834, Hanceville, AL.' Cornelius had consulted Coey, an attorney in Hanceville, regarding the case; however, Cornelius did not hire Coey to represent him, and Coey never filed a notice of appearance as counsel for Cornelius."
Cornelius v. Browning, 85 So.3d at 956. The plaintiffs in that case alleged in their motion for a default judgment that they had attempted to serve Cornelius with notice of the motion at the post-office-box address he had provided, but that their notice was returned as undeliverable, and that they had served notice on Coey. The evidence also indicated that Coey received the notice, but was not and had not been Cornelius's attorney, and that Coey unsuccessfully attempted to send the notice to Cornelius at the post-office-box address.
Our supreme court reversed the trial court's denial of Cornelius's Rule 60(b) motion because, it concluded, the evidence clearly demonstrated that, at the time the plaintiffs moved for the default judgment, the plaintiffs were aware that the motion had not been properly served on Cornelius, and there was no evidence that the plaintiffs had attempted to serve Cornelius at the home address at which he had received service of the complaint or to contact him by telephone. Cornelius v. Browning, 85 So.3d at 961. In rejecting the argument that notice had been properly served on Coey, our supreme court noted that there was no evidence that Coey had filed a notice of appearance on behalf of Cornelius. Cornelius v. Browning, 85 So.3d at 961.
In Looney v. State, 60 So.3d 293 (Ala. Civ. App. 2010), Looney was arrested on drug-related charges, and the State sought to seize his currency and guns. The State *334 "served" a complaint on Looney at his home while he was incarcerated on the drug-related charges and on attorney Lance Bell, who was listed on the case-action summary as Looney's attorney. The trial court ruled in favor of the State, but a year later Looney sought relief pursuant to Rule 60(b), Ala. R. Civ. P., arguing that he had not received service of the State's complaint. The trial court in that case denied Looney's Rule 60(b) motion, but this court reversed. This court noted that, at the time the State attempted service at Looney's home, it knew that Looney was incarcerated on the same charges upon which it based its forfeiture action. Also, there was nothing indicating that Bell represented Looney or had filed an appearance on his behalf. Looney v. State, supra.
The husband in this case relies on Cornelius v. Browning, supra, and Looney v. State, supra, to argue that, because in those cases the courts had held, in part, that the appellants had not received proper notice because the attorneys had not filed a notice of appearance, he similarly failed to receive notice because Randy Ferguson had not filed a notice of appearance on his behalf. The husband states that "the record," or, rather, the materials he submitted in support of his petition for a writ of mandamus, demonstrates that he was not represented by an attorney at the time the notice of the February 28, 2018, order scheduling the final hearing was issued. In making that argument, the husband appears to rely solely on the fact that the case-action summary does not indicate that an attorney had filed a notice of appearance on his behalf. However, the husband fails to address in his petition for a writ of mandamus the February 12, 2018, order stating that Ferguson represented the husband at the January 2, 2018, hearing or the February 15, 2018, order that stated that the husband had told the first trial court that Ferguson would represent him. The husband also offers no explanation and makes no argument concerning the first trial court's findings regarding Ferguson (namely that, Ferguson represented the husband and that the husband said that Ferguson would represent him).
In this case, the materials submitted to this court indicate either that Ferguson represented the husband at the January 2, 2018, hearing or that representations of the husband to the first trial court during that hearing were that Ferguson was representing the husband in the protection-from-abuse action. Thus, the actions of the husband led the trial court to believe that the husband was represented by counsel. The husband alleges in his brief submitted to this court that he ultimately did not hire Ferguson; the husband has not submitted any affidavit to that effect. Further, the materials before this court do not indicate that the husband informed the trial court at any point that Ferguson did not represent him, and he has not disputed in his filings before this court the findings in the first trial court's orders pertaining to Ferguson.
" '[A] judgment is void only if the court that rendered it lacked jurisdiction of the ... parties, or if it acted in a manner inconsistent with due process of law.' Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss. 1986). However '[a] "due process" violation so gross as to make the judgment void is extremely rare.' Walters, 493 So.2d at 938 n. 4."
Stribling Equip., Inc. v. Crager, 891 So.2d 299, 303-04 (Ala. 2004).
Mandamus is an extraordinary remedy, and the burden of demonstrating the clear legal right to relief was on the husband, as the petitioner. Ex parte Simpson, 36 So.3d 15, 25 (Ala. 2009). We cannot say that, given the materials he has presented to this court, the husband has met his burden *335 of demonstrating that the trial court violated his rights to due process.
PETITION DENIED.
All the judges concur.