SEE, Justice.
Anthony Dooley, the plaintiff in an action pending in the Conecuh Circuit Court, petitions for a writ of mandamus directing the trial judge to vacate his order denying Dooley’s motion for recusal. Because we hold that the trial judge did not err in denying Dooley’s motion, we deny the petition.
I.
Dooley sued State Farm Mutual Automobile Insurance Company (“State *405 Farm”), seeking $70,000 in underinsured-motorist benefits for injuries he sustained in a motor-vehicle accident. The case was tried without a jury. The parties stipulated that State Farm had already paid all of Dooley’s medical expenses and had paid Dooley an additional $25,000 before trial. After considering all of the evidence, the trial court concluded that Dooley did not sustain any damage exceeding that for which State Farm had already paid him. Accordingly, the trial court entered a judgment in favor of State Farm.
Dooley moved for a new trial, alleging that the trial judge should have recused himself because he held an insurance policy issued by State Farm. Dooley also moved for a recusal, alleging the same grounds. The trial court denied Dooley’s motion for recusal. The court allowed Dooley a continuance of the hearing on the motion for a new trial, and Dooley petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying the recusal motion.
II.
A petition for the writ of mandamus is the usual method by which to seek review of a trial judge’s denial of a recusal motion. See Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996) (holding that a trial judge’s denial of a recusal motion can be challenged on appeal or in a petition for a writ of mandamus). “A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” Ex parte P & H Constr. Co., 723 So.2d 45, 47 (Ala.1998) (quoting Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). “The burden of proof is on the party seeking recusal.” Ex parte Cotton, 638 So.2d 870, 872 (Ala.1994), abrogated on other grounds by Crawford, 686 So.2d at 198.
Dooley argues that the trial judge should have recused himself, arguing that he was disqualified to preside over Dooley’s case because he held an insurance policy issued by State Farm. Canon 3 C(l) of the Canons of Judicial Ethics provides in pertinent part:
“A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
[[Image here]]
“(c) He knows that he ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding....”
Canon 3C(3)(c) provides:[1]
“ ‘Financial interest’ means ownership of a legal or equitable interest, however small, or a relationship as director, ad-visor, or other active participant in the affairs of a party, except that:
[[Image here]]
“(in) The proprietary interest of a policy holder in a mutual insurance company, or a depositor in a mutual savings association, or a similar proprietary interest is a ‘financial interest’ in the organization only if the outcome of the proceeding could substantially affect the value of the interest ... .”
(Emphasis added.)
In addressing Dooley’s recusal motion, the trial judge stated, in pertinent part:
“I’ve been a State Farm policyholder all of my life, my entire term as district judge and a circuit judge. I’ve had I don’t know how many cases involving State Farm before me [during] all of this time. It’s a mutual company, sure, *406 but it has millions of policyholders. And this case would not even make one cent’s worth of difference in what might or might not happen with regard to that mutual company. It’s not a large case at all. If it was a $10-million case or a $20-million case, it might be different. It might make one or two cents’ worth of difference in some sort of dividend check. But a case of this size has no effect at all.”
Dooley has presented no evidence, either to the trial court or to this Court, that would suggest that a $70,000 case could “substantially affect” the value of the trial judge’s insurance policy. See Canon 3 C(3)(c)(iii). Thus, Dooley did not meet his burden of proof, see Cotton, 638 So.2d at 872, and the trial judge did not err in denying the recusal motion.[2]
III.
Dooley has failed to establish “a clear legal right ... to the order sought.” P & H Constr. Co., 723 So.2d at 47. Accordingly, we deny his petition for the writ of mandamus.
WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, BROWN, and JOHNSTONE, JJ„ concur.

. By order dated July 28, 1999, this Court has amended Canon 3 C(3)(c). That amendment, however, becomes effective on October 1, 1999, and thus does not apply in this case.

. Dooley also argues that the trial judge should have disclosed his insurance policy to the parties before trial. Our conclusion, however, makes any discussion of this issue unnecessary. See Archer Daniels Midland Co. v. Seven Up Bottling Co. of Jasper, Inc., [Ms. 1960220, June 25, 1999]-So.2d - n. 8 (See, J., statement of nonrecusal) ("[I]t is the purpose of Canon 3D to permit a judge who is already disqualified ... to avoid withdrawing from the proceedings, through disclosure and consent of the parties and their attorneys.... Accordingly, the disclosure requirement imposed by the Canons of Judicial Ethics [is not] effective until and unless the circumstances of the case otherwise require! ] ... recusal.”).