On Application for Rehearing

WELCH, Judge.
The unpublished memorandum issued on April 25, 2014, is withdrawn, and the following opinion is substituted therefor.
Melvin Ross Bush appeals from the denial of his motion to reconsider his sentence filed pursuant to § 13A-5-9.1, Ala. Code 1975. (“Kirby motion”). Kirby v. State, 899 So.2d 968 (Ala.2004). In 1982, Bush was convicted of first-degree rape and was sentenced as a habitual offender with two prior felony convictions to life in prison. See § 13A-5-9-(b)(3), Ala.Code 1975. On September 30, 2013, Bush filed what is at least his third motion for sentence reconsideration pursuant to § 13A-5-9.1, Ala.Code 1975. Without requiring a. response from the State, the circuit court denied Bush’s petition on October 1, 2013. *680 Bush appealed the circuit court’s denial of his Kirby motion to this Court.
On appeal, Bush contended that the circuit court erred in denying his Kirby motion. Bush also claimed that the judge who ruled on his Kirby motion, the Honorable Michael Youngpeter, was neither the sentencing judge nor the presiding judge of the 13th Judicial Circuit (Mobile County) and, thus, that he lacked jurisdiction to rule on Bush’s Kirby motion. A Kirby motion must be filed in the court of original conviction, and only the sentencing judge, the presiding judge, or a circuit judge appointed by the presiding judge of that circuit has jurisdiction to review that motion. See Kirby, supra; § 18A-5-9.1, Ala.Code 1975. Bush’s claim that his Kirby motion had not been properly considered because it was not reviewed by the presiding judge or the sentencing judge was decided adversely to Bush on appeal because, this Court reasoned, the motion could have been properly assigned to another circuit judge in the circuit. Section 13A-5-9.1, as amended in 2007, allows any circuit judge appointed by the circuit’s presiding judge to address a Kirby motion. This Court affirmed the circuit court’s rub ing that Bush’s Kirby motion was without merit by an unpublished memorandum issued on April 25, 2014.
On application for rehearing, Bush asserts that Judge Youngpeter did not have jurisdiction to rule on his Kirby motion because, he says, not only was Judge Youngpeter not the sentencing judge or the presiding judge, he was not appointed by the presiding judge to rule on his motion. Although Bush correctly filed his motion in the Mobile Circuit Court, it does not appear that Judge Youngpeter was the judge who sentenced Bush nor is he the presiding judge of the 13th Judicial Circuit. See Ex parte Bush, 270 Ala. 62, 116 So.2d 382 (1959)(noting that this Court can take judicial notice of the identity of the presiding judge in a particular circuit). Further, the record was silent regarding Judge Youngpeter’s appointment to rule on Bush’s Kirby motion. See § 13A-5-9.1, Ala.Code 1975 (providing that the sentencing judge or “any circuit judge appointed by the presiding judge” may rule on a Kirby motion). Thus, in accordance with Rule 10(g), Ala. R.App. P., this Court ordered the circuit court to file a supplemental record containing a copy of the order appointing Judge Youngpeter to preside over Bush’s motion or, in the alternative, to advise this Court if such an order was not entered.
On September 8, 2014, the circuit court filed a supplemental record with this Court. In that record, Judge Youngpeter stated that there was no order appointing him to preside over Bush’s latest Kirby motion but that “[i]t is the customary practice in the Thirteenth Judicial Circuit for an incoming circuit judge to ‘take over’ the responsibility of handling the cases previously assigned to the departing circuit judge. That is what occurred with respect [to] the above-referenced case.” (Supplemental Record, C. 9.) This Court recognizes that the current customary practice in the 13th Judicial Circuit is often used in many circuits in this State; however, in many circuits, the presiding judge has issued a standing administrative order adopting that procedure. In Owens v. State, 39 So.3d 1183 (Ala.Crim.App.2009), this Court held that such a standing order by the presiding circuit judge was sufficient to constitute a valid appointment of a circuit judge under § 13A-5-9.1 to hear a Kirby motion. Compare Knight v. State, 92 So.3d 717 (Ala.2011)(holding that an administrative order containing language allowing the circuit clerk discretion in assigning motions to various judges did not constitute a valid judicial appointment under § 13A-5-9.1).
*681 In this case, however, the record does not show, and the circuit court did not provide, any documents establishing that Judge Youngpeter had jurisdiction to rule on Bush’s motion. Therefore, we must find that the circuit court’s order denying Bush’s motion was void because that court did not have jurisdiction to entertain the motion. A void judgment will not support an appeal; therefore, this Court must dismiss Bush’s appeal. Cf. Madden v. State, 885 So.2d 841 (Ala.Crim. App.2003) (after remanding the case to the circuit court for that court to make specific written findings regarding whether petitioner had paid a filing fee or whether court actually granted petitioner’s request to proceed in forma pauperis, this Court dismissed the appeal where the record did not affirmatively show that petitioner paid the filing fee or was granted in forma pauperis status).
Bush’s Kirby motion stands filed as of the date of its original filing. The circuit court is directed to proceed with Bush’s motion to reconsider in accordance with the foregoing principles.
APPLICATION FOR REHEARING GRANTED; UNPUBLISHED MEMORANDUM OF APRIL 25, 2014, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.