PARKER, Justice.
K.R. petitions this Court for a writ of mandamus directing the Mobile Probate Court (“the probate court”) to set aside its interlocutory order awarding temporary custody of her biological child, E.R., to K.G.S. during the pendency of the underlying adoption proceedings; to remove J. Michael Druhan, who is serving as a temporary probate judge in this case; and to set aside the probate court’s “gag” order concerning the adoption proceedings.

Facts and Procedural History

K.R.’s affidavit testimony indicates that she learned that she was pregnant with E.R. in October 2014. On December 5, 2014, K.R. contacted Donna Ames, an attorney, for advice on potentially placing her unborn child for adoption. Ames established and serves as the director of Adoption Rocks, an Alabama nonprofit organization that helps facilitate adoptions. On December 6, 2014, K.R. met with Ames to discuss the possibility of placing her unborn child for adoption; K.R.’s affidavit testimony indicates that, “[a]t that point,” K.R.
“understood that Ms. Ames was representing me as counsel in an adoption proceeding. Ms. Ames informed me that she had my best interest at heart and that she would take care of all of the legal paperwork. I expressed to Ms. Ames that I had contacted other attorneys as well, and she told me that she was the best one and that I needed her to work with me.”
At this time, K.R. wanted to place her unborn child for adoption.
On December 31, 2014, K.G.S., who was represented by Ames and who wanted to adopt K.R.’s unborn child, filed a motion requesting that the probate court conduct a pre-birth-consent hearing at which the probate court would explain to K.R. the consequences of her consenting to the adoption of her unborn child by K.G.S.
On February 6, 2015, K.R. appeared before Probate Judge Don Davis in order to give her “pre-birth consent to the adoption of’ her unborn child by K.G.S. by signing a form giving that consent; K.G.S. was represented by Ames at this time. A confidential hearing was conducted in order for the probate court to thoroughly explain to *1108 K.R. the consequences of her consenting to KG.S.’s adoption of her unborn child; the only attendees were Judge Davis, K.R., and a court reporter. After explaining the contents of the pre-birth-consent form to K.R., including the manner by which K.R. could withdraw her consent even after the child was born, K.R. signed the pre-birth-consent form.
On May 23, 2015, Ames withdrew from representing K.G.S.; David Broome later filed a notice of appearance on behalf of K.G.S.
On May 28, 2015, K.R. gave birth to E.R. K.R. did not withdraw her pre-birth consent to the adoption of E.R. by K.G.S. to which K.R. had agreed on February 6, 2015. E.R. was in K.R.’s custody at this time.
On June 15, 2015, K.G.S. filed her petition to adopt E.R. On the same day, K.G.S. filed in the Mobile Juvenile Court (“the juvenile court”) a petition alleging that E.R. was dependent and requesting that she be given emergency custody of E.R. On June 16, 2015, the juvenile court issued an order granting KG.S.’s petition and ordering the Mobile County sheriff to pick up E.R. and transport E.R. to K.G.S. pending further order of the juvenile court. On June 18, 2015, the Mobile County sheriff picked up E.R. and placed him in KG.S.’s custody.
On June 19, 2015, 22 days after E.R.’s birth, K.R. executed and filed with the probate court a notice stating that she was withdrawing “the adoption and relinquishment previously signed by me.” K.R. also filed a motion contesting K.G.S.’s petition for adoption of E.R. On the same day, the probate court entered an interlocutory order awarding K.G.S. custody of E.R. On July 14, 2015, K.R. filed a motion requesting that the probate court set aside its June 19, 2015, interlocutory order awarding custody of E.R. to K.G.S.
It appears from the probate court docket sheet attached to KR.’s mandamus petition that, on July 10, 2015, K.G.S. filed an “emergency motion to remove social media.” Neither party has provided this Court with a copy of K.G.S.’s motion, but it appears that K.G.S. requested that the probate court enter an order prohibiting public discussion of the adoption case by the parties. The probate court set KG.S.’s motion for a hearing to be held on July 22, 2015.
On July 15, 2015, K.R. filed a motion requesting that Judge Davis recuse himself from the contested adoption proceedings. K.R. alleged that Judge Davis serves on the advisory board of Adoption Rocks and, thus, that “he should recuse [himself] from this matter to avoid the appearance of impropriety and bias.” On July 21, 2015, Judge Davis entered the following order recusing himself:
“In accordance with the Alabama Canons of Judicial Ethics I hereby recuse myself in this cause.
“The Clerk of the [probate] Court shall assign this cause to one of the temporary judges of probate appointed by the Presiding Judge of the Circuit Court of Mobile County, Alabama to serve in instances when I am unable to serve. Further, the Clerk of the [probate] Court shall forward this Recusal to all legal counsel of record.”
Thereafter, the clerk of the probate court assigned this case to J. Michael Druhan, a Mobile attorney. The presiding judge of the Mobile Circuit Court did not appoint Druhan to serve as a temporary probate judge in this case; the only action taken to that effect was by the clerk of the probate court.
On July 22, 2015, K.R. filed a motion requesting that Druhan recuse himself from serving as the temporary probate *1109 judge in this case. K.R. argued that Dru-han had not been properly appointed as a temporary probate judge and that the matter of appointing a temporary probate judge should be referred either to the presiding judge of the Mobile Circuit Court for reassignment pursuant to § 12-1-14.1, Ala.Code 1975, or to the Chief Justice of the Alabama Supreme Court for reassignment pursuant to § 12-2-30, Ala. Code 1975.
Also on July 22, 2015, after conducting a hearing, Druhan entered the following order:
“This cause is before the Court on July 22, 2015, on [KR.’s] Emergency Motion to Alter, Amend, and/or Vacate Interlocutory Decree, [KG.S.’s] Emergency Motion to Remove Social Media, and [KG.S.’s] Motion to Show Cause; and on due consideration of the arguments of counsel, testimony and evidence presented, the Court finds that the following relief is due, and ORDERS as follows:
“1. [KR.’s] Motion for Judicial Recu-sal is DENIED.
“2. [KR.’s] Emergency Motion to Alter, Amend, and/or Vacate Interlocutory Decree is DENIED.
“3. [KG.S.’s] Motion to Show Cause is DENIED,[1]
“4. [KG.S.’s] Emergency Motion to Remove Social Media [is] GRANTED IN PART, in that the parties and counsel for the parties be and are hereby enjoined from discussing or referencing this adoption case with the public, social media, news media, or the like, pending further proceedings.”
(Capitalization in original.)
On July 23, 2015, KG.S. filed an “emergency motion for contempt including sanctions and dismissal of contest.” KG.S. alleged that “a close friend” of KR.’s had posted, in violation of the probate court’s July 22, 2015, order, a “scandalous article on her [F]aeebook [social-media] page.” Based on this allegation, K.G.S. requested that the probate court dismiss KR.’s contest of the adoption, hold K.R. in contempt, impose monetary sanctions, and have KR. incarcerated. On July 31, 2015, KR. filed a motion requesting that the probate court alter, amend, or vacate the portion of the probate court’s July 22, 2015, order requiring the parties not to publicly discuss the adoption proceedings. Also on July 31, 2015, KR. filed a “supplemental motion for judicial recusal” requesting that Druhan recuse himself from serving as the temporary probate judge in this case. On August 3, 2015, Druhan denied KR.’s supplemental motion for judicial recusal. On August 10, 2015, KG.S. filed a motion “for contempt and other relief.” KG.S. alleged that KR. had continually violated the probate court’s July 22, 2015, order by posting to a Facebook social-media page about matters pertaining to the adoption proceedings. Also on August 10, 2015, Dru-han conducted a hearing on KR.’s motion to alter, amend, or vacate; after receiving arguments from both parties, Druhan denied KR.’s motion.
On August 13, 2015, KG.S. filed a motion for a temporary restraining order prohibiting KR. from continuing to violate the portion of Druhan’s July 22, 2015, order requiring the parties to cease publicly discussing matters pertaining to the adoption proceedings.
On August 20, 2015, K.R. filed with the Court of Civil Appeals a petition for a writ *1110 of mandamus and an emergency motion to stay the adoption proceedings in the probate court. On August 24, 2015, the Court of Civil Appeals issued an order, in which all the judges concurred, stating, in pertinent part:
“IT IS ORDERED that the petition be, and the same is hereby, dismissed as untimely filed as to all orders except the August 10, 2015, order. The petition is hereby denied as to the August 10, 2015, order. Petitioner’s Emergency Motion To Stay and Petitioner’s Supplement To Emergency Motion To Stay are denied as moot.”
On August 27, 2015, K.R. filed a petition for a writ of mandamus with this Court and a request that this Court stay the adoption proceedings in the probate court during the pendency of her mandamus petition. On September 2, 2015, K.G.S. filed a motion in opposition to KR.’s request for a stay of the adoption proceedings. Among other things, KG.S. argued that KR.’s mandamus petition was untimely filed and, thus, was due to be dismissed.
On November 2, 2015, this Court ordered the respondents, Druhan and KG.S., to file answers to KR.’s petition. This Court also stayed the adoption proceedings in the probate court during the pendency of KR.’s mandamus petition.
On November 6, 2015, KG.S. filed a response to KR.’s mandamus petition and a motion to dismiss the mandamus petition. KG.S. alleges that, on October 22, 2015, the probate court conducted a bench trial on her petition to adopt E.R. and that the probate court granted her adoption petition. KG.S. attaches to her motion to dismiss a proposed order granting KG.S.’s adoption petition; that order is not signed by Druhan, and there is no indication that that order was actually entered. On November 10, 2015, Druhan also filed a motion to dismiss KR.’s mandamus petition. Druhan states that he denied KR.’s motion contesting KG.S.’s adoption petition on October 28, 2015. As a result, Druhan argues, KR.’s petition before this Court is moot. Druhan states that, “save for this Court’s stay,” he would have entered the proposed order submitted by KG.S.

Standard of Review

“A petition for the writ of mandamus is the usual method by which to seek review of a trial judge’s denial of a recusal motion. See Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996) (holding that a trial judge’s denial of a recu-sal motion can be challenged on appeal or in a petition for a writ of mandamus). ‘A writ of mandamus is an extraordinary remedy, and it will be “issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”’ Ex parte P&H Constr. Co., 723 So.2d 45, 47 (Ala.1998) (quoting Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala. 1993)). ‘The burden of proof is on the party seeking recusal.’ Ex parte Cotton, 638 So.2d 870, 872 (Ala.1994), abrogated on other grounds by Crawford, 686 So.2d at 198.”
Ex parte Dooley, 741 So.2d 404, 405 (Ala. 1999).

Discussion

In her mandamus petition, KR. challenges three orders entered by Judge Davis and Druhan, respectively: 1) Judge Davis’s June 19, 2015, interlocutory order awarding custody of E.R. to KG.S.; 2) Druhan’s August 3, 2015, order denying KR.’s supplemental motion requesting that Druhan recuse himself; and 3) Dru-han’s August 10, 2015, order denying *1111 KR.’s motion to alter, amend, or vacate the portion of Druhan’s July 22, 2015, order prohibiting the parties from publicly discussing matters related to the adoption proceedings.
First, concerning K.R.’s challenge of the probate court’s June 19, 2015, interlocutory order awarding custody of E.R. to K.G.S., K.G.S. argues that K.R.’s mandamus petition is untimely. As set forth above, KR. did not file her mandamus petition with the Court of Civil Appeals until August 20, 2015. According to Rule 21(a)(3), Ala. R.App. P.,
“[t]he presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
A judgment of adoption must be appealed within 14 days. Ala.Code 1975, § 26-10A-26(a). Thus, 14 days would be the presumptively reasonable time in matters relating to adoptions.
The above-quoted portion of Rule 21(a)(3) and § 26-10A-26(a) make clear that the presumptively reasonable time for filing a mandamus petition challenging an order in an adoption proceeding is 14 days. Concerning KR.’s challenge of the probate court’s June 19, 2015, order giving custody of E.R. to KG.S., KR. filed her mandamus petition with the Court of Civil Appeals 62 days after the entry of the probate court’s order[2]—well beyond the presumptively reasonable time within which to file a mandamus petition in an adoption proceeding. Thus, her petition filed in this Court, insofar as it challenges the same order and although it was filed within the time allowed in Rule 21(e)(2), Ala. R.App. P., likewise is untimely. Further, KR. has not provided this Court with a statement of good cause for not timely filing the petition; such a statement is mandatory. Ex parte C.J.A., 12 So.3d 1214, 1216 (Ala.Civ.App.2009)(“The failure either to file a petition within the presumptively reasonable time or to provide a statement of good cause for not timely filing the petition mandates denial of the requested relief.”). Accordingly, under Rule 21(a)(3), KR.’s failure to file her petition within the presumptively reasonable time mandates denial of the requested relief, and we will not consider the merits of KR.’s challenge to Judge Davis’s June 19, .2015, interlocutory order awarding custody of E.R. to KG.S.
Next, KR. alleges that Druhan was not appointed to serve as a temporary probate judge pursuant to the applicable rules governing such appointments and requests this Court to order Druhan removed as the temporary probate judge presiding over the adoption proceedings. Consequently, KR. requests that all orders entered by Druhan be set aside. We agree with KR. that Druhan was not appointed pursuant to the applicable rules governing such appointments and that his orders are therefore void.
Initially, we note that KG.S. argues that KR.’s challenge of Druhan as the temporary probate judge is untimely. *1112 K.G.S. is correct; K.R. did not file her original mandamus petition with the Court of Civil Appeals until 17 days after Dru-han’s August 3, 2015, order denying K.R.’s supplemental motion requesting that Dru-han recuse himself. This is beyond the presumptively reasonable 14-day time in which to file a mandamus petition in an adoption proceeding. See Rule 21(a)(3) and § 26-10A~26(a).
Regardless, we may consider K.R.’s argument because it concerns the probate court’s jurisdiction. See Bush v. State, 171 So.3d 679 (Ala.Crim.App.2014) (holding that the improper appointment of a judge to a case deprived the court of jurisdiction to rule on any motions pending before that judge; the orders entered by that judge were entered without jurisdiction of the court and were, thus, void). The timeliness of K.R.’s challenge to Druhan’s appointment to serve as a temporary judge of probate is insignificant because “we take notice of the lack of jurisdiction ex mero motu. See Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69 (Ala.Civ.App.2003) (discussing the general rule that this court notices lack of jurisdiction ex mero motu and citing to several cases noting that rule).” Lawrence v. Alabama State Pers. Bd., 910 So.2d 126, 128 (Ala.Civ.App.2004). Therefore, even though K.R.’s petition is untimely filed, we will consider her argument concerning this issue because it concerns the jurisdiction of the probate court, of which we may take notice ex mero motu.
As set forth above, in his order recusing himself, Judge Davis ordered that “[t]he Clerk of the [probate] Court shall assign this cause to one of the temporary judges of probate appointed by the Presiding Judge of the Circuit Court of Mobile County, Alabama, to serve in instances when I am unable to serve.” Also as set forth above, it is undisputed that the clerk of the probate court then purported to appoint Druhan as a temporary probate judge to preside over this case. The clerk of the probate court had no authority, however, to appoint Druhan as a temporary probate judge.
The appointment of a temporary probate judge in instances when the regularly elected probate judge cannot serve is governed by § 12-1-14,1 and § 12-13-37, Ala. Code 1975. Section 12-l-14.1(a) states, in pertinent part: “At the request of the affected judge in a particular circuit, the presiding circuit court judge of the circuit may appoint and commission a ... special judge of probate for temporary service.” Section 12-1-14.1 allows the presiding circuit court judge to appoint a temporary probate judge when requested to do so by the probate judge who is unable to sit on the case. In the present case, pursuant to § 12-1-14.1, the presiding circuit court judge of the Mobile Circuit Court had the authority to appoint a temporary probate judge once Judge Davis recused himself, upon being asked to do so by Judge Davis.
Section 12-13-37 states, in pertinent part:
“If in any matter or proceeding arising in the probate court or in reference to which the judge thereof is required to exercise jurisdiction or authority or to perform a duty the judge is incompetent for any legal cause or shall be absent, sick or otherwise disqualified from acting, he or his chief clerk must certify the fact of incompetency, absence, sickness or disqualification to the Chief Justice of the Alabama Supreme Court, and the Supreme Court shall, upon such certificate, appoint a person possessing the qualifications of a probate judge to act as special probate judge.”
Section 12-13-37 allows the Supreme Court to appoint a temporary probate judge once the fact of the regularly elected *1113 probate judge’s inability to sit on the case has been certified to the Chief Justice of the Alabama Supreme Court. In the present case, under § 12-13-37, the Supreme Court also had the authority to appoint a temporary probate judge once Judge Davis recused himself.
Concerning the appointment of temporary probate judges in Mobile County, the Legislature passed a local act, Act No. 2007-454, Ala. Acts 2007. Act No. 2007-454 states, in pertinent part:
“Section 1. (a) If the regularly elected Judge of Probate of Mobile County is incompetent from any legal cause, incapacitated, absent or will be absent from sickness, or otherwise disqualified from acting as Judge, the Judge of Probate or the Chief Clerk shall certify the fact of incompetency, incapacity, absence, sickness, or disqualification to the presiding Judge of the Circuit Court of the County and the presiding Judge of the Circuit Court shall, upon that certificate, appoint a person learned in the law, practicing and residing in the County, to act as temporary Judge of Probate.”
Like § 12-1-14.1, § 1(a) of Act No. 2007-454 gives the presiding judge of the Mobile Circuit Court the power to appoint a temporary probate judge in the event that “the regularly elected Judge of Probate of Mobile County,” which is Judge Davis, re-cuses himself. Following a recusal by Judge Davis, either Judge Davis or his clerk must certify the fact of Judge Davis’s recusal to the presiding judge of the Mobile Circuit Court, who would then appoint a temporary probate judge to replace the recused Judge Davis.
In the present case, it is undisputed that neither the Chief Justice of this Court nor the presiding judge of the Mobile Circuit Court was notified of Judge Davis’s recu-sal. Instead of certifying the fact of Judge Daws’s recusal to the Chief Justice of the Alabama Supreme Court or to the presiding judge of the Mobile Circuit Court and then allowing either the Supreme Court or the presiding judge of the Mobile Circuit Court to appoint a temporary probate judge, the clerk of the probate court purported to appoint Druhan as a temporary probate judge to replace Judge Davis. We have not been able to locate any law giving the clerk of the probate court the authority to appoint a temporary probate judge. As a result, Druhan was never properly appointed as a temporary probate judge. Accordingly, Druhan had no authority to enter the orders he entered, and any order entered by Druhan is void. See Ex parte Punturo, 928 So.2d 1030, 1034 (Ala.2002) (“A judgment issued by a trial court without jurisdiction is a nullity. Ex parte Hornsby, 663 So.2d 966 (Ala.1995), and Moore v. Ashe, 269 Ala. 359, 113 So.2d 678 (1959).”).
We need not consider KR.’s last remaining argument concerning the portion of Druhan’s August 10, 2015, order denying K.R.’s motion to alter, amend, or vacate the portion of the probate court’s July 22, 2015, order prohibiting the parties from publicly discussing matters related to the adoption proceedings because that order, entered by Druhan, is void in its entirety.

Conclusion

Based on the foregoing, we deny KR.’s petition insofar as it challenges Judge Davis’s June 19, 2015, interlocutory order awarding custody of E.R. to K.G.S. However, we grant K.R.’s petition insofar as she challenges Druhan’s appointment as a temporary probate judge, and we order Judge Davis to certify the fact of his inability to serve in this case to either the Chief Justice of this Court or to the presiding judge of the Mobile Circuit Court, at which time the proper appointing au *1114 thority will appoint a temporary probate judge to serve in this case.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
MOORE, C.J., and STUART, MURDOCK, MAIN, WISE, and BRYAN, JJ., concur.
SHAW, J., concurs in the result.
BOLIN, J., recuses himself.

. Neither party explains or attaches to her filings with this Court K.G.S.’s "motion to show cause.”

. Rule 21(e)(2), Ala. R.App. P., states that “review in the supreme court of a grant or denial [of a writ by the Court of Civil Appeals] must be commenced by filing the petition in the supreme court within fourteen (14) days of the grant or denial of the writ by die court of appeals.” K.R. timely sought review of the Court of Civil Appeals’ denial of her original petition by filing her petition with this Court just three days after the Court of Civil Appeals denied her mandamus petition.