DONALDSON, Judge.
B.W. petitions this court for a writ of mandamus directing the Mobile Juvenile Court ("the juvenile court") to enter an order dismissing an action for lack of subject-matter jurisdiction. For the reasons set forth below, we deny the petition.
Facts and Procedural History
On November 3, 2015, B.W. gave birth to A.E. ("the child"). B.W. and A.L.E. completed and signed a form for acknowledging A.L.E.'s paternity of the child. The *335 Alabama Center for Health Statistics, which in Alabama performs the functions of an office of vital statistics, received the form on November 9, 2015. The form allows signatories to indicate whether genetic testing has been completed and, if so, whether the results are consistent with the claim of paternity. The form executed by B.W. and A.L.E., however, lacks any marks to indicate whether any genetic testing had been completed.
On July 18, 2016, A.L.E. filed a complaint against B.W. in the juvenile court. A.L.E. sought to establish his paternity of the child, to obtain custody of the child, and to require B.W. to pay child support. B.W. filed an answer in which she alleged that A.L.E. was the "putative father" of the child. A.L.E. filed other motions relating to, among other things, discovery and pendente lite custody of the child.
On October 23, 2017, B.W. filed a motion to dismiss the action for lack of subject-matter jurisdiction. In the motion, B.W. argued that A.L.E.'s paternity of the child had already been established at the time the complaint was filed based on the form for acknowledging paternity that had been signed by both parties and that, therefore, the juvenile court lacked original subject-matter jurisdiction of the paternity action.
On November 17, 2017, the juvenile court entered an order indicating that it had conducted a hearing. In the order, the juvenile court denied B.W.'s motion to dismiss and levied a sanction against B.W. in the amount of $1,734.30 for B.W.'s failure to answer discovery. The juvenile court set the matter for trial on April 17, 2018.
On December 5, 2017, B.W. filed the present petition for a writ of mandamus and a motion to stay the proceedings until this court's decision on her petition.[1] Because B.W. had not sought a stay in the juvenile court, this court denied the motion to stay, citing Rule 8(b), Ala. R. App. P. On December 14, 2017, B.W. filed a motion to stay in the juvenile court. On December 20, 2017, B.W. filed a renewed motion to stay in this court, asserting that the juvenile court had orally denied her December 14, 2017, motion to stay but had also stated that it would not enforce any orders. On December 22, 2017, A.L.E. filed an answer in opposition to the petition for a writ of mandamus.
Discussion
B.W. contends that the form for the acknowledgment of paternity executed by B.W. and A.L.E. conclusively established the paternity of the child, thus precluding the juvenile court from exercising subject-matter jurisdiction over this paternity action. " 'Subject-matter jurisdiction concerns a court's power to decide certain types of cases.' " Bates v. Stewart, 99 So.3d 837, 850 (Ala. 2012) (quoting Ex parte Seymour, 946 So.2d 536, 538 (Ala. 2006) ). Section 12-15-115(a), Ala. Code 1975, provides, in relevant part:
*336 "A juvenile court shall also exercise original jurisdiction of the following civil proceedings:
"....
"(6) Proceedings to establish parentage of a child pursuant to the Alabama Uniform Parentage Act, Chapter 17 of Title 26.
"(7) Proceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage."
Section 26-17-104, Ala. Code 1975, provides, in part:
"A circuit or district court of this state or any other court of this state, as provided by law, shall have original jurisdiction to adjudicate parentage pursuant to this chapter and may determine issues of custody, support, and visitation incidental to a determination of parentage...."
Statutory authority, therefore, provides a juvenile court with subject-matter jurisdiction to establish parentage pursuant to the Alabama Uniform Parentage Act ("the AUPA"), § 26 - 17 - 101 et seq., Ala Code 1975, and to determine incidental issues of custody, child support, and visitation. Accordingly, the juvenile court had subject-matter jurisdiction to adjudicate the type of case brought by A.L.E.
B.W. argues that the parties' execution of a form for the acknowledgment of paternity established A.L.E.'s paternity before A.L.E. initiated this action and that, therefore, the juvenile court did not have original subject-matter jurisdiction in the matter. Section 26-17-102(7), Ala. Code 1975, provides: " 'Determination of parentage' means the establishment of the parent-child relationship by the execution of a valid acknowledgment of paternity under Article 3 [of the AUPA] or adjudication by the court." Section 26-17-201(b), Ala. Code 1975, further provides, in relevant part:
"The father-child relationship may be established between a man and a child by:
"....
"(2) an effective acknowledgment of paternity by the man under Article 3 [of the AUPA], unless the acknowledgment has been rescinded or successfully challenged;
"(3) an adjudication of the man's paternity."
As provided in §§ 26-17-102(7) and 26-17-201(b), the establishment of a parent-child relationship requires the execution of a valid or effective acknowledgment of paternity pursuant to the AUPA.
Section 26-17-302(a), Ala. Code 1975, part of Article 3 of the AUPA, provides the requirements for a valid acknowledgment of paternity:
"An acknowledgment of paternity must:
"(1) be in a record filed with the Alabama Office of Vital Statistics;
"(2) be signed, and notarized, under penalty of perjury by the mother and by the man seeking to establish his paternity;
"(3) state that the child whose paternity is being acknowledged:
"(A) does not have a presumed father or the man executing the acknowledgment is the presumed father; and
"(B) does not have another acknowledged or adjudicated father;
"(4) state whether there has been genetic testing and, if so, that the acknowledging man's claim of paternity is consistent with the results of the testing; and
"(5) state that the signatories understand that the acknowledgment shall be considered a legal finding of *337 paternity of the child and that a challenge to the acknowledgment is permitted only as provided in this chapter."
In this case, the parties did not indicate "whether there has been genetic testing and, if so, that the acknowledging man's claim of paternity is consistent with the results of the testing" in the form for the acknowledgment of paternity. § 26-17-302(a)(4). As a result, the form executed by the parties does not facially meet all the requirements for a valid acknowledgment of paternity pursuant to the AUPA. Therefore, B.W. is unable to demonstrate that a parent-child relationship had already been established before A.L.E. initiated the paternity action. See F.C. v. S.J.M., 239 So.3d 590, 596 (Ala. Civ. App. 2017) (holding that "the completion of the acknowledgment of paternity by the father without properly filing the acknowledgment did not legally establish the paternity of the child in this case"). Any further discussion of the juvenile court's jurisdiction in this action is unnecessary.
Based on the foregoing, we deny the petition for a writ of mandamus. We deny the renewed motion to stay as moot.
PETITION DENIED; MOTION TO STAY DENIED.
Thompson, P.J., and Pittman and Thomas, JJ., concur.
Moore, J., concurs in the result, without writing.

We note that B.W. filed the petition for a writ of mandamus more than 14 days after the entry of the November 17, 2017, order denying her motion to dismiss. Rule 21(a)(3), Ala. R. App. P., provides that such a petition must either be filed within a presumptively reasonable time (i.e., within 14 days in a juvenile matter, see Rule 21(a)(3) and Rule 4(a)(1)(E), Ala. R. App. P.) or include a statement of good cause for filing the petition beyond the presumptively reasonable time. However, a petition for a writ of mandamus need not be filed within a presumptively reasonable time for our consideration if it challenges a trial court's subject-matter jurisdiction. See Ex parte K.R., 210 So.3d 1106, 1112 (Ala. 2016) (holding that, "even though [the] petition [was] untimely filed, we will consider [the] argument ... because it concerns the jurisdiction of the [lower] court, of which we may take notice ex mero motu"). We therefore consider B.W.'s petition for a writ of mandamus, which challenges the juvenile court's jurisdiction.