Rel: June 14, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0816

_____

**Ex parte David Eugene Files**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: David Eugene Files**

**v.**

**State of Alabama)**

**(Walker Circuit Court: CC-02-289.63;
Court of Criminal Appeals: CR-2023-0062)**

SHAW, Justice.

David Eugene Files petitioned this Court for certiorari review of

the decision of the Court of Criminal Appeals affirming the Walker

Circuit Court's dismissal of his petition seeking postconviction relief pursuant to Rule 32, Ala. R. Crim. P. We granted the petition and now affirm the judgment of the Court of Criminal Appeals.

<u>Facts and Procedural History</u>

In 2002, Files was indicted for the murder of Carlie Little. In November 2002, the case was assigned to Judge James Brotherton. Judge Brotherton became the presiding judge of the Walker Circuit Court in 2004. In December 2005, Files filed a motion seeking Judge Brotherton's recusal, alleging that a "heated disagreement" had occurred between Judge Brotherton and Files's counsel. Judge Brotherton granted the motion and appointed Judge Jimmy D. Wells of the Walker District Court to preside over Files's case. See Rule 13(A), Ala. R. Jud. Admin. ("A presiding circuit court judge, by order, may assign a judge who is within the circuit to serve within the circuit courts or within the district courts of the circuit."). In January 2006, Files filed a motion seeking Judge Wells's recusal, which was granted. Judge Brotherton then appointed Judge Larry Lapkovitch of the Walker District Court to preside over the case.

In 2006, Files was found guilty of murder, and Judge Lapkovitch sentenced him to serve life in prison. Files's conviction and sentence were affirmed, by an unpublished memorandum, on direct appeal. See Files v. State, (No. CR-05-2389, Apr. 20, 2007) 9 So. 3d 580 (Ala. Crim. App. 2007) (table). It appears undisputed that Files, at trial and on direct appeal, did not challenge Judge Lapkovitch's assignment to preside over his case.

In December 2021, Files filed a petition for postconviction relief pursuant to Rule 32, Ala. R. Crim. P., his third such petition, challenging his conviction and sentence. In his pleadings he argued, among other things, that Judge Lapkovitch had been improperly assigned to serve as his trial judge and, thus, that his murder conviction was void. Specifically, he alleged:

> "… It is well settled that once a judge recuses himself from presiding over a case, he cannot appoint another judge to preside in the case. Lawler Mfg. Co. v. Lawler, 306 So. 3d 23 (Ala. 2020); Ex parte Jim Walter Homes, Inc., 776 So. 2d 76 (Ala. 2000).
>
> "… It is also well settled that a judgment entered by a judge who was appointed by a judge who recused himself is a judgment entered by a court without jurisdiction. Id."

The State filed a response and a motion to dismiss the petition, arguing, among other things, that Files's claim was barred under Rule 32.2(a)(3) and (5), Ala. R. Crim. P., because it could have been but was not raised at trial or on appeal, and was barred as untimely under Rule 32.2(c), Ala. R. Crim. P. The State also argued that the appropriateness of Judge Lapkovitch's appointment as the judge in Files's case did not implicate the subject-matter jurisdiction of the court. After Files submitted a reply, the Rule 32 petition was dismissed under Rule 32.7(d), Ala. R. Crim. P.[1]

Files appealed to the Court of Criminal Appeals, which affirmed the judgment by an unpublished memorandum. See Files v. State (No. CR-2023-0062, Sept. 15, 2023), ___ So. 3d ___ (Ala. Crim. App. 2023) (table). Files's application for a rehearing was overruled, and he filed a petition for a writ of certiorari with this Court. In his certiorari

---

[1]Rule 32.7(d) provides, in pertinent part:

"If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

petition, Files argued: "The decision of the Court of Criminal Appeals conflicts with Lawler Mfg. Co. v. Lawler, 306 So. 3d 23 (Ala. 2020). In that case, this Court held that a judge who had recused himself lacked authority to appoint another judge, such that all orders entered by the appointed judge were void." Petition at 3. This Court granted the petition.

## Standard of Review

Because this case presents a question of law, our review is de novo. Ex parte Key, 890 So. 2d 1056, 1059 (Ala. 2003) ("This Court reviews pure questions of law in criminal cases de novo."), and Ex parte Collins, 363 So. 3d 73, 74 (Ala. 2021).

## Discussion

In Ex parte Jim Walter Homes, Inc., 776 So. 2d 76, 78 (Ala. 2000), the issue presented on appeal was "whether a trial judge, who has been disqualified from presiding over a case by the Canons of Judicial Ethics, can, pursuant to Rule 13, Ala. R. Jud. Admin., appoint his successor." In that case, the trial judge, who was the presiding judge in that circuit and had initially presided in two related actions, recused himself and, pursuant to Rule 13, assigned the actions to another judge. Several

parties moved for the successor judge to recuse himself, arguing that he had been improperly assigned to those actions. That judge denied the motion, and several parties then petitioned this Court for relief, challenging the assignment and whether the successor judge's subsequent actions were valid. Id. at 77-78.

This Court noted that Rule 13 gives a presiding circuit-court judge the authority to temporarily assign circuit- or district-court judges to serve in that circuit. Id. at 78. However, this Court stated:

> "[I]n order to avoid the appearance of impropriety, we hold that after a judge presiding in a particular case has been disqualified from hearing that case, under the Canons of Judicial Ethics, either voluntarily or by objection, he or she can take no further action in that case, not even the action of reassigning the case under Rule 13, Ala. R. Jud. Admin. For such a judge to make the reassignment would be contrary to Canon 3(C), because the impartiality of the reassignment might reasonably be questioned."

Id. at 80. The Court further provided a detailed procedure describing how a case should be assigned when the presiding judge has been disqualified. Id.

In Lawler Manufacturing Co. v. Lawler, 306 So. 3d 23 (Ala. 2020), this Court was presented with a similar issue. There, an action had been initially assigned to the presiding judge of that circuit, Judge Chad

E. Woodruff. Judge Woodruff entered an order recusing himself and a separate order appointing a district-court judge, Judge Jeb Fannin, to hear the action. 306 So. 3d at 24. Judge Fannin subsequently entered an order requiring some of the parties to take certain actions while the case was pending, and that order was appealed. Id.

On appeal, this Court considered whether the assignment of Judge Fannin to hear the action was "valid and vested him with jurisdiction to preside over" the case. 306 So. 3d at 24. This Court noted both that Rule 13 authorizes the temporary assignment of circuit- or district-court judges and that, under Ex parte Jim Walter Homes, supra, a presiding judge who recuses himself pursuant to the Canons of Judicial Ethics "does not have authority to appoint his successor." Id. at 24. The Court thus held:

> "In accordance with Ex parte Jim Walter Homes, when Presiding Judge Woodruff disqualified himself from this case, he no longer had authority to appoint his successor or to enter the order appointing Judge Fannin. Therefore, Presiding Judge Woodruff's appointment of Judge Fannin was not a valid judicial appointment, and that order is vacated. Ex parte K.R., 210 So. 3d [1106,] 1113 [(Ala. 2016)]. Additionally, because Judge Fannin never had jurisdiction over this case, any orders entered by Judge Fannin are void. Id."

Id. at 25 (footnote omitted; emphasis added).

7

In this case, the State contends that the Lawler decision overextended the rule set forth in Ex parte Jim Walter Homes. It argues that although, under Ex parte Jim Walter Homes, a presiding judge who is disqualified or has recused himself or herself from a case errs in assigning another judge to hear it, that error -- contrary to the holding in Lawler -- does not impact the court's subject-matter jurisdiction. We agree.

Subject-matter jurisdiction, generally, and the jurisdiction of a circuit court in a felony criminal prosecution, specifically, have been defined as follows:

> "Jurisdiction is '[a] court's power to decide a case or issue a decree.' Black's Law Dictionary 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) ('"By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought."' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L. Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002) (subject-matter jurisdiction refers to a court's 'statutory or constitutional power' to adjudicate a case). In deciding whether [a] claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which [the defendant] was charged and as to which he has filed his petition for certiorari review.

8

"Under the Alabama Constitution, a circuit court 'shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b), Ala. Const. 1901 [(now Ala. Const. 2022, art. VI, § 142(b))]. The Alabama Code provides that '[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions ....' § 12-11-30, Ala. Code 1975."

Ex parte Seymour, 946 So. 2d 536, 538 (Ala. 2006).

It has been further noted that "[s]ubject-matter jurisdiction generally lies with a court ... and not with a specific judge sitting on that court." Ex parte Montgomery, 79 So. 3d 660, 668 n.4 (Ala. Civ. App. 2011) (rejecting an argument that a circuit judge's orders were void for lack of subject-matter jurisdiction because the judge had not been formally assigned to that case). Moreover, this Court has held that the assignment of a judge under Rule 13 does not impact the jurisdiction of the court:

"Rule 13 of the Rules of Judicial Administration authorizes a presiding circuit judge to temporarily assign a circuit or district judge to serve in either a circuit or a district court within the circuit. The rule finds its sanction in the Constitution.

"[Amendment No. 328, § 6.11, Ala. Const. 1901 (now Ala. Const. 2022, art. VI, § 150),] mandated that this court '... make and promulgate rules governing the administration of all courts ....' The only limitation upon those rules is that they '... shall not abridge, enlarge or modify the substantive

9

right of any party nor affect the jurisdiction of circuit and district courts ....' or venue, or jury trial. The assignment by the Presiding Judge of the Circuit Court of Mobile County of District Judge Sweeney to preside over a felony trial is not offensive to any of these limitations. <u>The jurisdiction of neither the Circuit nor the District Court of Mobile County is affected by the temporary assignment of a judge from one to the other. The jurisdiction of both courts remains the same,</u> as does the venue of causes in either. The substantive right of no party has been affected by the temporary assignments of Judge Sweeney."

<u>State ex rel. Locke v. Sweeney</u>, 349 So. 2d 1147, 1148 (Ala. 1977) (emphasis added).

In this case, it is undisputed that Files was charged and convicted of a felony, specifically, murder. The Walker Circuit Court thus had subject-matter jurisdiction over the prosecution of that offense. However, the issue is whether the assignment of Judge Lapkovitch by Judge Brotherton, after having recused himself, in turn worked to deny the Walker Circuit Court subject-matter jurisdiction.

It has long been the law in Alabama that the issue whether a judge is disqualified from a case or must recuse himself or herself is an issue that is subject to waiver. See, e.g., <u>Dale v. Kolb</u>, 61 So. 3d 251, 257 (Ala. 2010) (holding that a party's "dilatory" challenge to a judge's failure to recuse himself "waived the issue of the judge's recusal" and

10

would not be considered on appeal); Ross v. Luton, 456 So. 2d 249, 255 (Ala. 1984) ("The disqualification of a trial judge for interest or prejudice may be waived if the parties proceed to trial without objection."); Gross v. Gross, 265 Ala. 58, 59, 89 So. 2d 737, 738 (1956) (refusing to consider on appeal an argument that the trial judge was disqualified because "this matter was not raised in the trial of the cause and we cannot consider it here"); and MacMahon v. Baumhauer, 234 Ala. 482, 487, 175 So. 299, 303 (1937) (holding that "the judgment of the court" when the judge is disqualified "is not void, but at most irregular and voidable on direct appeal, unless it appears of record that the disqualification was waived"). It is well settled that "the absence of subject-matter jurisdiction cannot be waived …." McElroy v. McElroy, 254 So. 3d 872, 875 (Ala. 2017). See also Ex parte Smith, 438 So. 2d 766, 768 (Ala. 1983) ("Lack of subject matter jurisdiction may not be waived by the parties ...."). If a challenge to the actions of a judge who is disqualified is subject to waiver, then the judge's disqualification has not been considered as impacting the subject-matter jurisdiction of the court.

11

The Court in <u>Ex parte Jim Walter Homes</u> did not hold that the erroneous assignment of the trial judge in that case impacted the court's jurisdiction; in fact, it addressed the respondents' argument that the challenge to the assignment had been waived by delay, ultimately holding that no waiver had occurred because "the delay was mitigated by several factors." 775 So. 2d at 78. It further addressed the respondents' argument that prior decisions, including <u>Ross v. Luton</u>, 456 So. 2d 249 (Ala. 1984), and <u>Edge v. Edge</u>, 494 So. 2d 71 (Ala. Civ. App. 1986), had upheld the assignment of judges under Rule 13 made by presiding circuit-court judges after they had recused themselves. The Court distinguished those cases, noting, among other things, that the issue of the propriety of the assignments in those cases had been waived. 776 So. 2d at 79 (noting that "the party in <u>Ross</u> asking for the recusal of the second judge did not seek the recusal until after that judge had entered several orders in the case," i.e., the party had waived the issue, and that "[t]he <u>Edge</u> court deferred answering the question that is now before us, because the complaining party was held to have waived the objection by failing to raise the issue in the trial court").

12

The Court in Ex parte Jim Walter Homes specifically held that the petitioners in that case "did not waive the objection." Id.[2]

In applying the rule set forth in Ex parte Jim Walter Homes -- that a disqualified judge has no authority to assign a successor and that any order entered by the successor judge is due to be vacated -- the Court in Lawler cited Ex parte K.R., 210 So. 3d 1106 (Ala. 2016), and Bush v. State, 171 So. 3d 679 (Ala. Crim. App. 2014), for the proposition that an improper assignment impacted the lower court's jurisdiction:

> "In Ex parte K.R., 210 So. 3d 1106 (Ala. 2016), this Court observed that, although the objection to the validity, in that case, of the probate-court judge's appointment to preside over the case was untimely, the objection placed the probate court's jurisdiction at issue, and the Court notices jurisdictional matters ex mero motu. 210 So. 3d at 1112, citing Bush v. State, 171 So. 3d 679 (Ala. Crim. App. 2014) (holding void any orders entered by a judge whose appointment is not valid as being entered by a judge who lacks authority to enter the orders)."

Lawler, 306 So. 3d at 24. However, those cases involve distinguishable rationales for holding that the improper assignment of the successor judges impacted the lower court's jurisdiction.

---

[2]The Court of Civil Appeals specifically has interpreted "the rule announced" in Ex parte Jim Walter Homes as "not jurisdictional and that objections based on it may be waived." Hornady Truck Lines, Inc. v. Howard, 985 So. 2d 469, 476 (Ala. Civ. App. 2007). See also C.C.N. v. R.E.S., 239 So. 3d 1164, 1168 (Ala. Civ. App. 2017).

13

In <u>Ex parte K.R.</u>, the petitioner challenged, among other things, whether a temporary probate judge had been properly appointed. The judge of the Mobile Probate Court, after initially participating in an adoption action, recused himself and directed the probate-court clerk to assign the action "'to one of the temporary judges of probate appointed by the Presiding Judge of the Circuit Court of Mobile County, Alabama to serve in instances when I am unable to serve.'" 210 So. 3d at 1108. The clerk appointed a temporary probate judge, but the presiding judge of the Mobile Circuit Court did not.

On mandamus review, this Court noted that the appointment of special probate-court judges was governed by § 12-1-14.1, Ala. Code 1975, and § 12-13-37, Ala. Code 1975, which vest the authority to make such appointments in the presiding circuit-court judge or this Court, respectively. Additionally, a local act gave the presiding judge of the Mobile Circuit Court the authority to appoint a temporary probate judge in Mobile County. Act No. 2007-454, Ala. Acts 2007. Finding no authority to allow the probate-court <u>clerk</u> to appoint a temporary probate judge, this Court held that the temporary probate-court judge in that case "had no authority to enter the orders he entered, and any

14

order entered by [him] is void." Ex parte K.R., 210 So. 3d at 1113. The Court held that the issue "concern[ed] the probate court's jurisdiction" and provided the following parenthetical citation for that point:

> "Bush v. State, 171 So. 3d 679 (Ala. Crim. App. 2014) (holding that the improper appointment of a judge to a case deprived the court of jurisdiction to rule on any motions pending before that judge; the orders entered by that judge were entered without jurisdiction of the court and were, thus, void)."

Ex parte K.R., 210 So. 3d at 1112.

In Bush, a criminal defendant sentenced as a habitual felony offender sought a reconsideration of his sentence under former § 13A-5-9.1, Ala. Code 1975, by filing a motion under the procedures set forth in Kirby v. State, 899 So. 2d 968 (Ala. 2004). The motion was denied, and the defendant appealed, arguing that the lower court lacked jurisdiction. The Court of Criminal Appeals agreed, noting that, under § 13A-5-9.1, "only the sentencing judge, the presiding judge, or a circuit judge appointed by the presiding judge of that circuit has jurisdiction to review that motion." Bush, 171 So. 3d at 680. The judge considering the motion in that case was not the sentencing judge or the presiding judge, and there was no order appointing that judge to the case. Id. The Court of Criminal Appeals held: "Therefore, we must find that the

circuit court's order denying [the] motion was void because that court did not have jurisdiction to entertain the motion." Id. at 681.

Both Ex parte K.R. and Bush are legally distinguishable from this case. Those cases, respectively, dealt with specific statutes governing who may be appointed to fill a judicial vacancy or which judge may hear a particular case. This statutory basis for holding that the lower courts in those cases lacked jurisdiction is significant: the legislature has the power to regulate a circuit court's subject-matter jurisdiction. Ala. Const. 2022, art. VI, § 142(b). Neither case involved a judge's power to appoint a replacement after his or her recusal or when he or she is disqualified under the Canons of Judicial Ethics, which are rules promulgated by this Court. Those rules do not regulate or impact a court's jurisdiction, which is instead separately provided by "the Alabama Constitution and the Alabama Code," Ex parte Seymour, 946 So. 2d at 538. Further, claims that a judge is disqualified under those rules, as noted above, is subject to waiver and does not impact the court's jurisdiction. The Lawler Court correctly held that the assignment of a judge under Rule 13 by a presiding judge who had recused himself was erroneous and due to be vacated, but such error

16

does not impact the lower court's jurisdiction. To the extent that Lawler held otherwise, it is overruled.

The appointment of Judge Lapkovitch did not impact the subject-matter jurisdiction of the Walker Circuit Court in Files's murder case. Therefore, the trial court properly dismissed Files's Rule 32 petition, challenging on jurisdictional grounds the judgment entered by Judge Lapkovitch convicting Files of murder and sentencing him to life in prison, and the Court of Criminal Appeals did not err in affirming that dismissal.

## Conclusion

The decision of the Court of Criminal Appeals is affirmed.

AFFIRMED.

Parker, C.J., and Wise, Bryan, Sellers, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.